**In re Ronald Kent KUNZ, also known as R. Kent Kunz, also known as Kent Kunz, also known as K. Kunz, also known as Ronald Kunz, also known as R. Kunz, Debtor.**

**Stephen W. Rupp, Trustee, Plaintiff–Appellant,**

**v.**

**Ronald Kent Kunz, Trustee and Plan Administrator of the K & B Development, Inc. Profit Sharing Plan, Sylvia Lamas, Trustee of the K & B Development, Inc. Profit Sharing Plan, and K & B Development, Inc. Profit Sharing Plan, Defendants–Appellees.**

**BAP No. UT–03–100.**
**Bankruptcy No. 02C–40422.**
**Adversary No. 03PC–2292.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

May 11, 2004.

---

Stephen W. Rupp, Trustee, pro se (Jeremy C. Sink of McKay, Burton & Thurman, Salt Lake City, UT, with him on the brief).

Douglas J. Payne (David N. Kelley with him on the brief) of Fabian & Clendenin, Salt Lake City, UT, for Defendants–Appellees.

Before NUGENT, BROWN, and McNIFF, Bankruptcy Judges.

## OPINION

PER CURIAM.

Debtor Ronald Kent Kunz owns a beneficiary interest in an ERISA-qualified retirement plan of K & B Development, Inc. ("K & B Plan"). The Debtor's bankruptcy trustee, Stephen W. Rupp, concluded that the terms of the K & B Plan allowed the Debtor an unlimited right to withdraw funds contributed by the Debtor, and the Trustee attempted to exercise the Debtor's right to withdraw funds. When the K & B Plan's trustees and administrators refused the Trustee's request, the Trustee filed an adversary proceeding against them.

On the defendants' motion, the bankruptcy court dismissed the adversary proceeding, holding that the funds in the K & B Plan were not property of the estate under *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). The Trustee timely appealed the dismissal to this Court. The dismissal is a final order over which this Court has jurisdiction. *See* 28 U.S.C. § 158(a)(1), (b)(1), (c)(1).

The Trustee argues that there is a difference between the funds in the K & B Plan, which he admits are not property of the estate, and the right to withdraw funds from the K & B Plan, which he claims is property of the estate. However, this Court agrees with the bankruptcy court that *Patterson* applies and that the Trustee may not exercise the Debtor's right to withdraw funds.

For the reasons stated in the bankruptcy court's order attached as an Appendix hereto, we AFFIRM.

### Appendix

### ORDER GRANTING MOTION TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE

Defendants' Motion to Dismiss Adversary Proceeding came before the under-

signed on October 21, 2003. Douglas J. Payne and David N. Kelley of Fabian & Clendenin appeared on behalf of the defendants; Stephen W. Rupp of McKay, Burton & Thurman appeared on behalf of himself as Chapter 7 trustee.

This is an adversary proceeding to recover funds held in an ERISA-qualified plan which are subject to the debtor's immediate power to withdraw.

On November 11, 2002, Ronald Kent Kunz ("Kunz") filed Chapter 7 bankruptcy before this Court. Kunz's Schedule B disclosed the existence of a retirement plan administered through K & B Development, Inc. (the "Plan") in which Kunz holds a $1,277,759.09 interest as a Plan beneficiary. Schedule B indicates that the Plan is not transferable, not property of the estate, and values the Plan to the estate at zero.

On July 17, 2003, Stephen W. Rupp, the Chapter 7 trustee ("Trustee"), commenced this adversary proceeding naming as defendants Ronald Kent Kunz in his capacity as the Trustee and Plan Administrator of the K & B Development, Inc. Profit Sharing Plan, Sylvia Lamas, Trustee of the K & B Development, Inc. Profit Sharing Plan, and K & B Development, Inc. Profit Sharing Plan (the "Defendants").

The Trustee bases his adversary proceeding upon the following facts: (1) In September 1994, Kunz rolled over $1,747,871.09 in funds from a 401K plan into the Plan; (2) On December 31, 2001, the total funds in the Plan were $1,286,584.39; (3) On December 31, 2001, $74,166.00 of the funds in the Plan were attributable to employee contribution; (4) The terms of the Plan contain no limits on a participant's right, power, or authority to withdraw funds in a rollover account held for his own benefit; (5) The Trustee made demand upon the Defendants requesting the withdrawal and turnover to the Trustee of all of Kunz's funds attributable to the rollover account; (6) The Defendants have refused to comply with the Trustee's withdrawal request; (7) The Trustee does not dispute that the Plan is ERISA-qualified, but argues that the Plan is a self-settled trust and that Kunz's power to withdraw funds from the Plan is a separate and distinct power that belonged to Kunz and now belongs to Kunz's bankruptcy estate.

On August 18, 2003, Defendants filed a Motion to Dismiss Adversary Proceeding pursuant to Rule 12(b)(6) as incorporated by Rule 7012(b). The motion to dismiss argues that because the Plan is ERISA-qualified, it is not property of the estate under *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), is not subject to attack by the Trustee, and the complaint must be dismissed.

## *ANALYSIS*

The Court's function on a Rule 12(b)(6) motion is to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. Well-pled allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Ford v. West*, 222 F.3d 767 (10th Cir.2000). Granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice. *Duran v. Carris*, 238 F.3d 1268 (10th Cir.2001). For purposes of this motion, the Court will assume that the Plan is ERISA-qualified (Trustee does not dispute), that the Plan is self-settled, and that Kunz holds the full and unrestricted power to withdraw funds from the Plan at any time.

The Trustee argues that although the ERISA-qualified Plan itself is not property of the estate, the right and power of the debtor to withdraw funds from the Plan is a separate and distinct power which is property of the estate and is a power that now belongs to the Trustee. The Trustee argues that because the power to withdraw funds runs to the debtor (and now to the Trustee), it is independent from the Plan itself, and the complaint is not governed by *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). This Court disagrees.

Although the Trustee characterized his argument as novel, the facts set forth in this case are very similar to the operative facts dealt with by the lower court in *Creasy v. Coleman Furniture Corp.*, 83 B.R. 404 (W.D.Va.1988), which was appealed to the Fourth Circuit Court of Appeals and published in *Shumate v. Patterson*, 943 F.2d 362 (4th Cir.1991) and ultimately appealed to the United States Supreme Court and decided in *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). A portion of the operative facts as stated by the District Court at 83 B.R. at 405 are:

> The plan provides that CFC can terminate the pension fund at any time. Upon termination, the plan allowed a recipient to receive a lump fund payment instead of a life annuity. Shumate has had voting control of CFC from at least 1978 through his ownership of CFC stock and the right to vote other stock held in a voting trust. Therefore, Shumate could have terminated the plan at any time before the bankruptcy and received not only his pension interest, but any excess funds not needed to satisfy the rights of other participants.

The District Court ruled that because Shumate was both the settlor and benefi-ciary of the trust and that because Shumate's control over the plan included the power to revoke the plan at will, that Shumate may not exclude his interest in the plan and that public policy would be violated if Shumate were permitted to deny his creditor access to funds which were essentially a personal savings account. The Fourth Circuit reversed holding that the ERISA-qualified plan was not property of the estate even though it was self-settled and did not qualify as a spendthrift trust under state law. The United States Supreme Court affirmed the Fourth Circuit holding that the ERISA-qualified plan is not a part of the bankruptcy estate.

Of importance to this analysis is that the facts in *Patterson v. Shumate* are so similar to the facts in the matter presently before the Court. Shumate had the power to terminate the plan at any time, as does Kunz. Shumate had the power to demand distribution of the plan's funds at any time, as does Kunz. Both Shumate and Kunz stood in positions wherein their plans may be characterized as self-settled trusts.

The Trustee has shown nothing to distinguish the present case from *Patterson v. Shumate*. The Trustee cites to *Traina v. Sewell*, 180 F.3d 707 (5th Cir.1999), and *In re Baker*, 114 F.3d 636 (7th Cir.1997), for the proposition if a debtor has the power to immediately withdraw funds from an ERISA-qualified plan, those funds may be recovered for the benefit of the estate. However, the language relied upon by the Trustee in both of his cited opinions is nothing more than dicta.

When faced with arguments centering on a debtor's power to immediately withdraw funds from a plan, the four circuit courts that have considered the issue have all held that the analysis ends with the determination that § 541(c)(2) requirements have been met by the plan. *See In re Rueter*, 11 F.3d 850 (9th Cir.1993) (al-

though debtor held the power to withdraw contributions at any time, the court need look no further than whether the ERISA-qualified plan has an anti-alienation provision that satisfies the literal terms of § 541(c)(2). There is no need to reach the issue of whether the plan also qualifies under state law as spendthrift trust); *In re Conner*, 73 F.3d 258 (9th Cir.1996) (under *Patterson v. Shumate*, ERISA plans are exempted from the bankruptcy estate, even though ERISA only requires restraints on alienation to third parties. Any analysis focusing on the debtor's control of the assets is rejected); *Whetzal v. Alderson*, 32 F.3d 1302 (8th Cir.1994) (debtor's right to receive a lump-sum retirement benefit from a civil service retirement plan did not make retirement benefits estate property); *Meehan v. Wallace*, 102 F.3d 1209 (11th Cir.1997) (fact that debtor could access IRA funds by simply paying ten percent tax penalty was not sufficient basis to include IRA plan in property of the estate where the IRA plan was subject to a § 541(c)(2) restriction); *In re Yuhas*, 104 F.3d 612 (3rd Cir.1997) (although trustee stands in the shoes of the debtor who has the power to liquidate the IRA, because the IRA is subject to state law protections against creditors, it is not property of the estate and cannot be reached by the trustee).

Based upon the above, the Court finds that because the ERISA-qualified Plan meets the requirements of 11 U.S.C. § 541(c)(2), it is not property of the estate and cannot be reached by the Trustee despite Kunz's power to withdraw funds from the account at any time. Therefore, it is hereby

ORDERED that Defendants' Motion to Dismiss Adversary Proceeding No. 03P–2292 with prejudice is granted.

BY THE COURT:

GLEN E. CLARK, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT