**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 26 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re:

RONALD KENT KUNZ, also known as
R. Kent Kunz, also known as Kent Kunz,
also known as K. Kunz, also known as
Ronald Kunz, also known as R. Kunz,

     Debtor.

_____

STEPHEN W. RUPP, Trustee,

     Appellant,

v.

RONALD KENT KUNZ, Trustee and
Plan Administrator of the K & B
Development, Inc. Profit Sharing Plan;
SYLVIA LAMAS, Trustee of the K & B
Development, Inc. Profit Sharing Plan;
and the K & B DEVELOPMENT, INC.
PROFIT SHARING PLAN,

     Appellees.

No. 04-4117

(B.A.P. No. UT-03-100)
(B.A.P. 10th Cir.)

**ORDER AND JUDGMENT**[*]

---

   [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **TACHA**, Chief Circuit Judge, **BALDOCK**, and **EBEL**, Circuit Judges.

––––––––––––––––––––––

Debtor Ronald Kent Kunz ("Debtor") voluntarily filed for chapter 7 bankruptcy in November 2002. Debtor declared his ERISA-qualified retirement plan of K&B Development, Inc. ("Plan") on the appropriate schedule, but listed the Plan as exempt from the bankruptcy estate on a separate schedule. Appellant Stephen Rupp, the Chapter 7 trustee ("Trustee"), filed an adversary proceeding in the bankruptcy court. The Trustee stipulated the Plan was qualified under ERISA, but nevertheless sought control over Debtor's interest in the Plan. The bankruptcy court dismissed the adversary proceeding, holding ERISA-qualified plans are not part of the bankruptcy estate under the Bankruptcy Code, 11 U.S.C. § 541(c)(2), and Patterson v. Shumate, 504 U.S. 753 (1992). The Bankruptcy Appellate Panel for the Tenth Circuit affirmed in a published opinion for "the reasons stated in the bankruptcy's court's order[.]" Rupp v. Kunz, 309 B.R. 795, 796 (B.A.P. 10th Cir. 2004) (per curiam). The Bankruptcy Appellate Panel attached the bankruptcy court's order as an appendix to its opinion.

We have jurisdiction, 28 U.S.C. § 158(d), and review de novo a bankruptcy court's interpretation of the Bankruptcy Code. Fidelity Sav. & Inv. Co. v. New Hope Baptist, 880 F.2d 1172, 1174 (10th Cir. 1989). On appeal, the Trustee renews his argument that the Debtor's powers and rights under the Plan constitute property of the bankruptcy estate and therefore he can withdraw all the funds the Debtor has the power to withdraw from

2

the Plan. We disagree.

In <u>Shumate</u>, 504 U.S. at 760, the Supreme Court held a debtor may exclude his interest in an ERISA-qualified pension plan from the bankruptcy estate because such plans, by definition, contain a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law. We too have held a "tax-qualified ERISA pension or profit sharing plan is exempt from the bankruptcy estate under § 541(c)(2)." <u>Gladwell v. Harline</u>, 950 F.2d 669, 674 (10th Cir. 1991). Thus, Supreme Court and Tenth Circuit precedent clearly foreclose the Trustee's argument. To the extent the Trustee claims his argument is "novel," we disagree because the Debtor's powers and rights under the Plan are subsumed within his interest in the Plan. <u>See</u> Black's Law Dictionary 816 (7th ed. 1999) (defining "interest" as, among other things, "all or part of a legal or equitable claim to or right in property"). Having carefully reviewed the parties' briefs, the record, and applicable law, we AFFIRM for substantially the same reasons as set forth in the well-reasoned bankruptcy court's order. <u>See</u> <u>Kunz</u>, 309 B.R. at 796-99.

Entered for the Court,


Bobby R. Baldock
Circuit Judge