

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-1997

# In Re: Ronald Yuhas

Precedential or Non-Precedential:

Docket 96-5146

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"In Re: Ronald Yuhas" (1997). *1997 Decisions.* Paper 17.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/17

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 96-5146
_____

IN RE:  RONALD J. YUHAS,
Debtor
_____

THOMAS J. ORR,
Appellant

v.

RONALD J. YUHAS
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
_____

(Civil Action No. 95-5551)

Argued:  October 1, 1996
Before:  ALITO and McKEE, Circuit Judges
and GREEN, District Judge*

(Opinion Filed: January 22, 1997)

_____

OPINION OF THE COURT
_____

Thomas J. Orr, Esq.
John K. Justin, Esq. (Argued)
331 High Street, Second Floor
Burlington, New Jersey 08016

Counsel for Appellant

_____
\* The Honorable Clifford Scott Green, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Broege, Neuman, Fischer & Shaver
Peter J. Broege, Esq. (Argued)
25 Abe Voorhees Drive
Manasquan, New Jersey 08736

Counsel for Appellee

ALITO, <u>Circuit Judge</u>:

The issue in this appeal is whether a New Jersey statute, N.J.S.A. § 25:2-1(b), that protects a qualified individual retirement account (**IRA**) from claims of creditors constitutes a "restriction on the transfer of a beneficial interest of the debtor in a trust" within the meaning of 11 U.S.C. § 541(c)(2) and thus results in the exclusion of the **IRA** from a bankruptcy estate. We hold that it does, and we therefore affirm the decision of the district court.

I.

Debtor Ronald J. Yuhas (the "debtor") filed a Chapter 7 bankruptcy petition, and a trustee was appointed. At the time of his petition, the debtor held an **IRA** account containing approximately $143,000. He states that these funds represented his interest in a terminated pension plan that he had "rolled over" into his **IRA** two years earlier.

The debtor listed the **IRA** as an asset but claimed that it was not part of the bankruptcy estate because of N.J.S.A. § 25:2-1(b). He then filed a motion seeking a declaration to this effect, and the trustee filed a cross-motion seeking to have the **IRA** declared an asset of the estate. The bankruptcy court granted the debtor's motion and denied the trustee's motion, and the district court affirmed. The trustee then took this appeal.

II.

Section 541(c)(1) of the Bankruptcy Code, 11 U.S.C. § 541(c)(1), broadly states that a bankruptcy estate includes "all legal or equitable interests of the debtor in property" as of the commencement of the bankruptcy estate "[e]xcept as provided in subsections (b) and (c)(2) of this section."  Subsection (c)(2) provides:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

11 U.S.C. § 541(c)(2).  The question before us is whether N.J.S.A. § 25:2-1(b) constitutes a "restriction on the transfer of a beneficial interest of the debtor in a trust under applicable nonbankruptcy law."

N.J.S.A. § 25:2-1(b) provides in pertinent part:

Notwithstanding the provisions of any other law to the contrary, any property held in a qualifying trust and any distributions from a qualifying trust, regardless of the distribution plan elected for the qualifying trust, shall be exempt from all claims of creditors and shall be excluded from the estate in bankruptcy . . . .

. . .

For purposes of this section, a "qualifying trust" means a trust created or qualified and maintained pursuant to federal law, including, but not limited to, section . . . 408 . . .  of the federal Internal Revenue Code of 1986 (26 U.S.C. § . . . 408 . . . ).

Section 408(a) of the Internal Revenue Code, 26 U.S.C. § 408(a), defines an "individual retirement account" as "a trust" that is "created or organized in the United States for the exclusive benefit of an individual or his beneficiaries" and that meets certain requirements.  IRAs that meet these requirements are said to be "qualified" and receive favorable federal income tax treatment.  <u>See</u> Section 408(d) and (e) of the Internal Revenue Code, 26 U.S.C. § 408(d) and (e).

The trustee's first argument is that under § 541(c)(1) and (2) trusts subject to transfer restrictions are not excluded in their entirety from a bankruptcy estate but rather are included in the estate subject to those restrictions. Therefore, he argues, the debtor's IRA should be included in the bankruptcy estate with the state-law protection against creditors' claims remaining in effect. And since he stands in the shoes of the debtor, the trustee maintains, this restriction on creditors does not impair his ability to liquidate the IRA.

This argument, however, is inconsistent with the Supreme Court's analysis in Patterson v. Shumate, 504 U.S. 753, 758 (1992), of the interplay between § 541(c)(1) and § 541(c)(2). There are two arguable interpretations of this interplay. One is that trusts subject to the type of restriction described in § 541(c)(2) are entirely excluded from a bankruptcy estate. The other is that such trusts are included but that they remain subject to the same restrictions that applied before bankruptcy. In Patterson, the Court clearly chose the first interpretation, stating that "[t]he natural reading of [§ 541(c)(2)] entitles a debtor to exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any applicable nonbankruptcy law." Patterson, 504 U.S. at 758.

Although the trustee in essence urges us to disregard this statement as careless dictum, we will not do so. The statement in Patterson concerned an important step in the Court's reasoning and represented an entirely natural reading of the statutory language. The trustee contends that the Court used this language because the case before it involved a debtor's interest in a trust, an ERISA plan, that was entirely beyond the reach of either the debtor or his creditors. Thus, the trustee maintains that what the Court meant to say was that § 541(c)(2) excludes from property of the estate any interest in a plan or trust that contains a restriction that "renders the entirety of the asset unreachable" under applicable nonbankruptcy law. Appellant's Br. at 6. In our judgment, this is not a plausible interpretation of what the Court said, and we must therefore

reject it. Accordingly, if the debtor's IRA meets all of the requirements of § 541(c)(2), we must hold that it is completely excluded from the bankruptcy estate.

These requirements are the following: (1) the IRA must constitute a "trust" within the meaning of 11 U.S.C. § 541(c)(2); (2) the funds in the IRA must represent the debtor's "beneficial interest" in that trust; (3) the IRA must be qualified under Section 408 of the Internal Revenue Code; (4) the provision of N.S.J.A. § 25:2-1 stating that property held in a qualifying IRA is "exempt from all claims of creditors" must be a "restriction on the transfer" of the IRA funds; and (5) this restriction must be "enforceable under nonbankruptcy law." In this appeal, the trustee's arguments do not focus on any of the first three requirements, and thus we assume for present purposes that they are satisfied. Nor does the trustee dispute the fact that N.J.S.A. § 25:2-1 would constitute "applicable nonbankruptcy law" if it restricted transfer of the debtor's interest in the way that the trustee believes is required by 11 U.S.C. § 541(c)(2).[1] Thus, to the extent that the trustee's remaining arguments confront the statutory language, they focus on the fourth requirement, i.e., the requirement that N.J.S.A. § 25:2-1 must constitute a "restriction on the transfer" of the IRA funds.

The Bankruptcy Code defines the term "transfer" to encompass a wide range of dispositions:
"transfer" means every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest and foreclosure of the debtor's equity of redemption.

11 U.S.C. § 101(54). Any procedure by which funds in an IRA might be reached to satisfy the "claims of creditors" (N.J.S.A. § 25:2-1(b)) would seem to fall within this broad definition and

---

[1] Applicable nonbankruptcy law includes both federal law such as ERISA, see Patterson v. Shumate, 504 U.S. 753, 758 (1992), and state law, Velis v. Kardanis, 949 F.2d 78, 80-81 (3d Cir. 1991).

thus constitute a "transfer." Consequently, N.J.S.A. § 25:2-1(b) would seem to be a "restriction on . . . transfer."

Despite this statutory language, the trustee contends that "Section 541(c)(2) was intended to be read and should be read as though `restriction on transfer' were to read `restriction on the debtor's ability to transfer.' Only by such a reading are the policy interests inherent throughout the Bankruptcy Code best served." Appellant's Br. at 13. The trustee maintains that this reading is needed to prevent "the legalization of what would otherwise be the fraudulent activity of converting and hiding assets to avoid the collection actions of creditors" and that "it would be lunacy for any debtor's rights attorney . . . to advise his clients to do anything but place their liquid assets into an IRA account." Appellant's Br. at 9-10. He thus submits that § 541(c)(2) was intended solely to exclude trusts, such as pension plans and spendthrift trusts, that are created by another for the long-term benefit of the debtor and with respect to which the debtor has no right of immediate liquidation. Appellant's Br. at 13.

In response to this argument, the debtor points out that the Bankruptcy Code already contains protection against fraudulent transfers of assets. See e.g., 11 U.S.C. § 544(b) (trustee may avoid any transfers of interest of property by a debtor that is voidable under applicable law, such as state fraudulent conveyances law); id. § 547(b)(4)(a) (allowing a trustee to avoid certain transfers of interest by a debtor made on or within 90 days prior to the date of filing the petition for bankruptcy protection); id. § 548 (allowing a trustee to avoid any transfer of property made by a debtor within one year of filing a petition for bankruptcy protection if, among other things, the transfer was made with actual intent to defraud or was made in exchange for less than reasonably equivalent value while the debtor was insolvent). Further militating against the trustee's argument is the generally applicable restriction in the Internal Revenue Code on the amount that an individual can transfer into an IRA in any one year. See 26 U.S.C. § 408(a)(1) ("[N]o contribution will be accepted unless it is in cash, and contributions will not be accepted for the taxable year in excess of

$2,000 on behalf of any individual."). In addition, the bankruptcy judge argued that excluding an

IRA from a bankruptcy estate furthered the policy of protecting retirement savings, and she noted

our statement in <u>Velis v. Kardanis</u>, 949 F.2d 78, 82 (3d Cir. 1991):

> [T]here can be no doubt that Congress has expressed a deep and continuing interest in the preservation of pension plans, and in encouraging retirement savings, as reflected in the statutes which have given us ERISA, Keogh plans and IRAs. We believe it reasonable to conclude that Congress intended to provide protection against the claims of creditors for a person's interest in pension plans, unless vulnerable to challenge as fraudulent conveyances or voidable preferences.

It is not for us to take sides in this policy debate. "Given the clarity of the statutory

text . . ., [the trustee] bears an `exceptionally heavy' burden of persuading us that Congress

intended to limit the § 541(c)(2) exclusion to restrictions on transfer" that apply only to the debtor,

<u>Patterson</u>, 504 U.S. at 760, and the trustee's arguments are insufficient under this standard.

Our rejection of this argument dooms the trustee's final argument, <u>i.e.</u>, that §

541(c)(2) is merely a state exemption statute available for debtors who elect state exemptions

pursuant to 11 U.S.C § 522(b)(2).[2] This argument is based on <u>In re Van Nostrand</u>, 183 B.R. 82,

86 (Bankr. D.N.J. 1995), but the analysis of § 541(c)(2) in that decision is flawed.

In <u>Van Nostrand</u>, the court held that N.J.S.A. § 25:2-1(b) did not constitute a

"restriction on . . . transfer" for two reasons. 183 B.R. at 84. First, the court interpreted <u>Patterson</u>

to mean that such a restriction must be included in the document that creates the trust rather than

a statute. The trustee "concedes that this interpretation of <u>Patterson</u> may be incorrect," Appellant's

Br. at 18, and we agree that it is wrong.[3] Second, <u>Van Nostrand</u> held that a "restriction . . . on

---

[2] 11 U.S.C. § 522 allows a debtor to choose between federal exemptions listed in subsection (d), or any exemptions allowed under state, local and federal nonbankruptcy law. 11 U.S.C. § 522(b)(2)(A). A debtor must choose one or the other, but may not select exemptions from both. <u>Id.</u>

[3] Ironically, this argument is based on the same sentence in <u>Patterson</u> that we found to doom the trustee's prior argument. As

transfer" must preclude transfer by the debtor, not by creditors. 183 **B.R.** at 85.[4] We have already explained why we cannot agree with this argument. The <u>Van Nostrand</u> court then went on to consider a contention not made by the debtor in this case, <u>viz.</u>, that "N.J.S.A. 25:2-1(b) is a state exclusion statute which must be enforced by the bankruptcy court so that the debtor receives treatment in the bankruptcy court similar to treatment which he would receive in state court. <u>Butner v. U.S.</u>, 440 U.S. 48 (1978)." 183 **B.R.** at 85. The court disagreed, holding that N.J.S.A. § 25:2-1(b) was instead a state exemption statute, 183 **B.R.** at 85, and it is upon this last holding that the trustee now relies.

This holding is not relevant, however, for present purposes. The debtor here does not argue that N.J.S.A. § 25:2-1(b) is a "state exclusion statute," and insofar as the <u>Van Nostrand</u> court addressed the argument that the debtor in this case has made, <u>i.e.</u>, that N.J.S.A. is a "restriction on . . . transfer," that court erred.

```
(..continued)
noted, the Patterson Court wrote: "The natural reading of [§
541(c)(2)] entitles a debtor to exclude from property of the
estate any interest in a plan or trust that contains a transfer
restriction enforceable under any relevant nonbankruptcy law."
504 U.S. at 758 (emphasis added). Van Nostrand and some other
cases have interpreted this language to mean that a trust subject
to a statutory restriction on transfer cannot come within §
541(c)(2). We disagree. In Patterson, the Court said that a
debtor may exclude a trust from the bankruptcy estate if the
trust contains an appropriate restriction; the court did not say
that a debtor may exclude a trust only if it, as opposed to a
statute, contains such a restriction. Moreover, the statutory
language that the Court was interpreting does not hint at the
sort of restriction that Van Nostrand and similar cases impute to
Patterson, and we feel confident that the Court would not have
construed the statute as containing such a restriction without
providing an explanation. Therefore, we reject the argument that
a restriction contained in a statute cannot qualify as a
"restriction on . . . transfer under applicable nonbankruptcy
law" within the meaning of § 541(c)(2)
```

[4.] <u>In re Lamb</u>, 179 B.R. 419 (Bankr. D.N.J. 1994), on which the trustee also relies, is based on this same incorrect conclusion. <u>See</u> 179 B.R. at 423.

## III.

In conclusion, we have considered all the arguments raised by the trustee but are not persuaded.  We therefore  affirm the decision of the district court.