122 T.C. No. 16


UNITED STATES TAX COURT


GREGORY IANNONE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17412-02L.                    Filed April 19, 2004.


        P filed a timely petition for judicial review
pursuant to sec. 6330(d)(1)(A), I.R.C., in response to
a notice of determination by R to proceed with
collection of assessed tax liabilities for 1987, 1989,
and 1991.  Subsequently, the Court granted respondent's
Motion to Dismiss for Lack of Jurisdiction and to
Strike as to Taxable Year 1987.

        <u>Held</u>:  For the purpose of this collection
proceeding, the Appeals officer agreed to assume that
petitioner's 1989 and 1991 tax liabilities were
discharged in bankruptcy.  We will not remand this case
for a clearer articulation of the Appeals officer's
determination relating to petitioner's bankruptcy
discharge.

        <u>Held</u>, <u>further</u>, the existing Federal tax lien that
attached to P's property when he filed his bankruptcy

petition was not extinguished as a result of his bankruptcy discharge.  Secs. 6321 and 6322, I.R.C., applied.

Held, further, no exemption to levy applies in this case.

Held, further, R may proceed with collection by levy as determined in the "NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330".

Santo J. Bonanno, for petitioner.

Robert F. Saal, for respondent.

NIMS, Judge:  This case arises from a petition for judicial review filed in response to a "NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330" (notice of determination).  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.  At the time the petition was filed in this case, petitioner resided in Ringwood, New Jersey.

On June 16, 1997, petitioner filed a chapter 7 bankruptcy petition, case no. 97-27076. Petitioner was granted a discharge in his bankruptcy case on September 29, 1997.

On January 12, 2002, respondent issued to petitioner two letters entitled "Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing".

In response, petitioner sent to respondent a Form 12153, Request for a Collection Due Process Hearing, dated January 15, 2002.

The Appeals officer assigned to review petitioner's case received and reviewed copies of transcripts for petitioner's income tax liabilities for 1989 and 1991 in order to verify that the requirements of any applicable law or administrative procedure had been met.

On July 9, 2002, petitioner met with the Appeals officer to discuss the case, but they were unable to resolve the issues.

On October 8, 2002, respondent issued to petitioner the aforementioned notice of determination concerning his 1987, 1989, and 1991 income tax liabilities. In pertinent part, the notice of determination states:

> Based on the facts available, the required procedures have been followed and the notice of intent to levy is proper and appropriate. A conference was held on July 9, 2002 and we agreed that the taxes were dischargeable, however the exempt property was subject to our lien and levy. You were advised to consider collection alternatives and have failed to do so. It is therefore recommended, that the action by Compliance

to levy will be sustained with respect to the exempt property listed in your bankruptcy case number 97-27076.

An attachment to the notice of determination, "Attachment - Letter 3193, Notice of Determination", in pertinent part, states:

> IRC 6321 provides a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand.  Transcripts of your account show that the IRS issued a first notice July 19, 1991 and a fourth notice December 16, 1991 on your 1040 198712 [Federal income tax liability for the 1987 tax year], a first notice April 26, 1993 and a fourth notice May 17, 1993 on your 1040 198912 [Federal income tax liability for the 1989 tax year], a first notice May 16, 1994 and a fourth notice June 6, 1994 on your 1040 199112 [Federal income tax liability for the 1991 tax year].  The latest transcript in the file indicates the only periods remaining open are the 198912 [the 1989 tax year] and 199112 [the 1991 tax year] * * *.
>
> *    *    *    *    *    *    *
>
> A formal conference was held on July 9, 2002 and you challenged the existence of the liability, and appropriateness of the levy action by Compliance.  It was determined that the bankruptcy may have discharged the 1040 [Federal income tax] liabilities for 198712, 198912, and 199112 [the 1987, 1989, and 1991 tax years].  However, there was exempt property listed in the amount of $41,500 in Schedule C of your voluntary [bankruptcy] petition and you were advised that further research was necessary to determine if our federal tax lien attaches to that exempt property for purposes of levy action. * * *
>
> *    *    *    *    *    *    *
>
> You filed a Chapter 7 Bankruptcy Petition on June 16, 1997, bearing case number 97-27076 listing all years from * * * [1987] through * * * [1993].  You further stated the IRS never objected to discharge for any reason.  Discharge for all years was granted by Order dated September 29, 1997.  There was also some indication that the 1040 198912 and 1991[1]2 [Forms 1040 for the 1989 and 1991 tax years] were not filed

and you did not keep copies after seven years. Systemic records show that the IRS filed these returns as substitute for returns, based on information documents received. Nonetheless, it was agreed upon at our conference that the liabilities for your 1040 for 198712, 198912, and 199112 [Federal income tax liabilities for 1987, 1989, and 1991] might be dischargeable.

After further research it has been determined that notwithstanding the fact that your income taxes may be dischargeable, the Service's liens survive the bankruptcy. * * * Furthermore, Section 522(C)(2)(B) expressly provides that exempt property remains subject to properly filed tax liens even though the underlying tax claims may have been discharged. * * *

The debtor's schedules indicate there is a 401K plan with, Unitex Textile, to which the Service's liens would attach. * * *

In response to the notice of determination, petitioner filed the petition in the instant case with respect to the 1987, 1989, and 1991 tax years.

On September 22, 2003, respondent filed a Motion to Dismiss for Lack of Jurisdiction and to Strike as to Taxable Year 1987. On September 22, 2003, the Court granted respondent's motion.

OPINION

I. General Rules

Section 6331(a) authorizes the Commissioner to levy against property and property rights where a taxpayer liable for taxes fails to pay them within 10 days after notice and demand for payment is made. Section 6331(d) requires the Secretary to send

notice of an intent to levy to the taxpayer, and section 6330(a) requires the Secretary to send a written notice to the taxpayer of his right to a hearing.

Section 6330(b) affords taxpayers the right to a hearing before an impartial Appeals officer.  Pursuant to section 6330(b)(2), a taxpayer is entitled to only one hearing regarding the tax period relating to the amount of unpaid tax.

Section 6330(c)(1) requires that the Appeals officer obtain verification that the requirements of any applicable law or administrative procedure have been met.  Section 6330(c)(2)(A) provides that the taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy" including spousal defenses, challenges to the appropriateness of collection actions, and alternatives to collection.

Section 6330(c)(3) provides that a determination of the Appeals officer shall take into consideration the verification under section 6330(c)(1), the issues raised by the taxpayer, and whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.

Where the Appeals office issues a notice of determination to the taxpayer following an administrative hearing regarding a levy, section 6330(d)(1) provides that the taxpayer will have 30

days following the issuance of the determination to file a petition for review with the Tax Court or a Federal District Court, as appropriate.  The taxpayer may appeal the determination to the Tax Court, rather than a Federal District Court, if the Tax Court generally has jurisdiction over the type of tax involved in the case.  Sec. 6330(d)(1)(A); Downing v. Commissioner, 118 T.C. 22, 26 (2002); Landry v. Commissioner, 116 T.C. 60, 62 (2001).  Section 6330(e)(1) suspends the levy action until the conclusion of the hearing and any judicial review of the determination.

Where the underlying tax liability is properly at issue in the hearing, we review that issue on a de novo basis.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Where the underlying tax liability is not at issue, however, we review the determination to see whether there has been an abuse of discretion.  Id.  In this case, respondent's determination regarding whether petitioner's unpaid tax liabilities may be collected by levy requires an interpretation of bankruptcy law. If respondent's determination was based on erroneous views of the law and petitioner's unpaid liabilities may not be collected by levy, then we must reject respondent's view and find that there was an abuse of discretion.  See, e.g., Swanson v. Commissioner, 121 T.C. 111, 119 (2003); Ramsdell v. Commissioner, T.C. Memo. 2003-317.

II.  Discharge in Bankruptcy

Respondent contends that the notice of determination is ambiguous as to whether petitioner's 1989 and 1991 income tax liabilities were discharged in bankruptcy.  Respondent points to language in both the notice of determination and the attachment to the notice of determination to support his contention.  Respondent notes that while the notice of determination states that "we agreed that the taxes were dischargeable", the attachment states both that "the bankruptcy may have discharged the 1040 liabilities" and that "it was agreed upon at our conference that the liabilities * * * might be dischargeable."  Respondent requests that we remand this case to respondent's Appeals office in order for an Appeals officer to make a clear determination as to whether petitioner's 1989 and 1991 tax liabilities were discharged in bankruptcy.

Petitioner argues that the Appeals officer agreed with petitioner that petitioner's 1989 and 1991 tax liabilities were discharged in bankruptcy.  Petitioner further argues that the issue of remand was not raised prior to or at trial, and consequently should be disregarded.

After review of the notice of determination and the attachment thereto, we conclude that the Appeals officer agreed to assume that petitioner's 1989 and 1991 tax liabilities were discharged in bankruptcy for the purpose of this collection

proceeding. While we acknowledge that the language could have been more precise as to this assumption, when considered in its entirety, the notice of determination indicates that the Appeals officer was willing to assume that petitioner's 1989 and 1991 tax liabilities were discharged in bankruptcy and instead focus solely on whether the discharge prevents respondent from pursuing collection by levy. We find nothing inappropriate about this decision by the Appeals officer, especially in a case such as this where more than 10 years have passed since the relevant returns were due, and both parties claim to have destroyed most, if not all, of the relevant documents because of this passage of time.

As a consequence of our conclusion that the Appeals officer assumed the aforementioned discharge, we need not ourselves also address the question of whether petitioner received a discharge in bankruptcy with respect to his 1989 and 1991 tax liabilities.

III. Collection by Levy

Petitioner contends that a New Jersey law exempts his section 401(k) retirement account from levy. See N.J. Stat. Ann. sec. 25:2-1(b) (West Supp. 2003). Petitioner contends that this exemption applies here so as to prevent collection by levy.

Petitioner cites In re Yuhas, 104 F.3d 612 (3d Cir. 1997), as support for his claim that his section 401(k) retirement account is exempt from Federal tax lien and levy. In that case,

the court held that, by operation of a New Jersey statute, N.J. Stat. Ann. sec. 25:2-1(b) (West Supp. 2003), the debtor's individual retirement account (IRA) was excluded from the chapter 7 bankruptcy estate, pursuant to 11 U.S.C. sec. 541(c)(2)(2000). In re Yuhas, 104 F.3d at 613. In re Yuhas did not involve a Federal tax lien or levy, nor did it involve post-discharge collection activity.

Moreover, even if the holding of In re Yuhas were applicable and required the exclusion of petitioner's section 401(k) retirement account from the chapter 7 bankruptcy estate, a Federal tax lien against the section 401(k) retirement account would not be extinguished or otherwise affected. See U.S. I.R.S. v. Snyder, 343 F.3d 1171, 1178 (9th Cir. 2003). The lien would continue to exist, but outside of bankruptcy. Id. Petitioner's reliance on In re Yuhas, supra, is thus misplaced, and that case has no application in the instant case.

Respondent argues that, even if petitioner received a discharge in bankruptcy with regard to his 1989 and 1991 tax liabilities, any property that belonged to petitioner when he filed his bankruptcy petition is still encumbered in rem by a Federal tax lien. Respondent argues that a State law cannot operate to divest or exempt petitioner's section 401(k) retirement account from the Federal tax lien. Respondent contends that collection by levy is appropriate. We agree.

Pursuant to section 6321, the Government of the United States obtains a lien against "all property and rights to property, whether real or personal" of any person liable for taxes when a demand for payment of that person's taxes has been made and that person neglects or refuses to pay those taxes. Section 6322 provides that such lien arises automatically on the date of the assessment and continues until the tax liability is satisfied or the statute of limitations bars enforcement of the lien.

Federal tax liens are not extinguished by personal discharge in bankruptcy. 11 U.S.C. sec. 522(c)(2)(B) (2000); see also Johnson v. Home State Bank, 501 U.S. 78, 84 (1991). A discharge of personal liability in bankruptcy "extinguishes only one mode of enforcing a claim--namely, an action against the debtor in personam--while leaving intact another--namely, an action against the debtor in rem." Johnson v. Home State Bank, 501 U.S. at 84. Any existing Federal tax liens remain in effect and attach to assets owned prior to the date of filing the bankruptcy petition. 11 U.S.C. sec. 522(c)(2)(B) (2000); In re Connor, 27 F.3d 365, 366 (9th Cir. 1994) ("A preexisting lien on property, however, remains enforceable against that property even after an individual's personal liability has been discharged.").

The attachment to the notice of determination states that "The debtor's [petitioner's] schedules [attached to his

bankruptcy petition] indicate there is a 401K plan [section 401(k) retirement account] with, Unitex Textile, to which the Service's liens would attach." Petitioner has introduced no evidence that the Federal tax lien was defective. Thus, when petitioner filed for bankruptcy, there was a valid and existing Federal tax lien on at least his section 401(k) retirement account.

Section 6331(a) provides:

> If any person liable to pay any tax neglects or refuses to pay the same * * *, it shall be lawful for the Secretary to collect such tax * * * by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. * * *

Section 6334(a) exempts from levy: (1) Wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain amounts of wages, salary, and other income; (10) certain service-connected disability payments; (11) certain public assistance payments; (12) assistance under the Job Training Partnership Act (since repealed); and (13) certain residences. Petitioner does not contend, nor do we find, that any of these exemptions applies to petitioner's section 401(k) retirement account.

Section 6334(c) provides: "Notwithstanding any other law of the United States * * *, no property or rights to property shall be exempt from levy other than the property specifically made exempt by * * * [section 6334(a)]". Additionally, section 301.6334-1(c), Proced. and Admin. Regs., provides that "No provision of a State law may exempt property or rights to property from levy for the collection of any Federal tax." Consequently, we reject petitioner's contention that his section 401(k) retirement account is exempt from levy by operation of a New Jersey statute.

The existing Federal tax lien that attached to petitioner's property when he filed his bankruptcy petition was not extinguished as a result of his bankruptcy discharge. Furthermore, no exemption to levy applies in the instant case.

IV. Conclusion

The Appeals officer correctly determined that respondent may proceed with collection by levy.

To reflect the foregoing,

Decision will be entered for respondent.