

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2004

# In Re Robert Davis

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2263

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"In Re Robert Davis " (2004). *2004 Decisions.* Paper 392.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/392

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2263

IN RE:  ROBERT P. DAVIS

IN RE:  ROBERT P. DAVIS,
                                          Debtor

WILLIAM G. SCHWAB, TRUSTEE,
                                          Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 02-cv-00363)
District Judge:  Honorable James M. Munley

Argued May 25, 2004

Before:  SCIRICA, <u>Chief Judge</u>, RENDELL and ALARCÓN*, <u>Circuit</u> <u>Judges</u>.

(Filed August 23, 2004)

William G. Schwab     [ARGUED]
Michelle Wolfe
811 Blakeslee Boulevard Drive East
P.O. Box 56
Lehighton, PA  18235
  *Counsel for Appellant*

---

    *    Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the
         Ninth Circuit, sitting by designation.

Kent D. Watkins
101 South Second Street
St. Claire, PA  17970
  *Counsel for Appellee*

-----

OPINION OF THE COURT

-----

RENDELL, <u>Circuit Judge</u>.

The issue presented by this appeal is whether an individual retirement account ("IRA") is properly subject to exclusion or exemption from a debtor's estate under the Bankruptcy Code.  The United States Bankruptcy Court for the Middle District of Pennsylvania decided that the IRA in this case should be excluded from the debtor's bankruptcy estate, and the District Court agreed.  Both courts relied heavily upon our decision in <u>In re Yuhas</u>, 103 F.3d 612 (3d Cir. 1997), in which we held that a New Jersey debtor's IRA could be excluded from his estate under 11 U.S.C. § 541(c)(2).  However, because we conclude that there was insufficient analysis conducted by the Bankruptcy Court and the District Court, and that there is insufficient evidence in the record to determine whether the debtor's IRA is a trust, we will remand to allow the Bankruptcy Court to develop the record and make this determination in the first instance.[1]

-----

[1] The Bankruptcy Court had jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(1).  The District Court had jurisdiction to review the Bankruptcy Court's decision under 28 U.S.C. § 158(a)(1), and we review the District Court's final order under 28 U.S.C. §§ 158(d) and 1291.

## I.

Robert P. Davis, the debtor-appellee in the instant proceedings, is seventy-four years old. He managed a gift shop and gave tours at the Yuengling Brewery in Pottsville, Pennsylvania, until he turned seventy. Through his employment, he acquired an ERISA-qualified pension plan. When Davis retired in January of 2000, he liquidated the pension plan, which was worth approximately $40,000, and rolled the money over into the IRA that is the subject of this dispute. Since he retired, Davis has worked as a substitute teacher, earning $70 for each day he is called upon to teach.

Davis lives with his wife and his disabled adult son. Prior to filing for bankruptcy, he received payments of $1,230 each month from Social Security. His wife and his son each receive their own Social Security payments of $500 each month. Davis pays two mortgages on his home, totaling $1,350 each month. He also accumulates family medical bills of nearly $9,000 a year that are not covered by his Medicare health insurance, which costs him $100 each month. Davis has stopped paying his outstanding credit card bills, which are approximately $700 each month, and he is unsure how long he will remain able to teach. Although he is under no court order to support his adult son, his son's medical condition requires constant care.

On December 4, 2000, Davis filed a voluntary petition in the Bankruptcy Court for relief under chapter 7. William Schwab, the appellant before us, was appointed to act as the chapter 7 trustee. In his initial filing, Davis listed his IRA as an asset and claimed an

exemption under 11 U.S.C. § 522(d)(10). Schwab filed objections to the exemption, and a hearing was held on April 19, 2001. At the hearing, testimony was taken regarding the applicability of the exemption available under § 522(d)(10)(E) for the debtor's right to receive funds under a pension plan "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." But the Bankruptcy Court, *sua sponte*, raised the issue of whether the IRA should be excluded from the estate, and the Court subsequently directed the parties to address whether exclusion was proper based on our decision in In re Yuhas, 103 F.3d 612 (3d Cir. 1997). The parties briefed the issue and oral arguments were held on January 31, 2002. No additional testimony was taken, or record evidence submitted, at that time. The District Court issued an order on February 4, 2002, holding the IRA excluded from Davis's estate based on 11 U.S.C. § 541(c)(2).

Schwab appealed the Bankruptcy Court's decision to the District Court. On March 27, 2003, the District Court issued a memorandum and order affirming the Bankruptcy Court's conclusion regarding exclusion of the IRA. The District Court applied the five-factored Yuhas test and determined that: 1) the IRA is a trust, since it is designated as such in the Internal Revenue Code ("IRC"), 26 U.S.C. § 408; 2) the funds in the IRA represent Davis's beneficial interest in the trust; 3) the IRA qualifies under § 408 of the IRC; 4) like the New Jersey statute at issue in Yuhas, the Pennsylvania exemption statute, 42 Pa. Cons. Stat. Ann. § 8124(b), restricts the transfer of the IRA funds by exempting them from attachment or execution on a judgment; and 5) the Pennsylvania exemption

4

statute is an "applicable nonbankruptcy law," despite the fact that Davis chose to take the federal exemptions. Schwab timely appeals the District Court's decision.

## II.

On appeal, Schwab urges that the IRA is not a trust under federal or Pennsylvania law, that there is no restriction on the transfer of the funds in the IRA, and that the Pennsylvania exemption statute is not "applicable nonbankruptcy law" where Davis elected to take the federal exemptions. We exercise plenary review over conclusions of law reached by the Bankruptcy and District Courts, and we review findings of fact for clear error. Landon v. Hunt, 977 F.2d 829 (3d Cir. 1992); Bankruptcy Rule 8013.

## III.

We begin with the language of § 541(c)(2), which provides: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2). This provision has been held to exclude from property of the estate a debtor's beneficial interest in a trust that, under nonbankruptcy law, is not subject to alienation. See Patterson v. Shumate, 504 U.S. 733, 758 (1992) (holding that a debtor's interest in an ERISA-qualified plan was excluded under § 541(c)(2)). While not limited to "spendthrift" trusts, as they are defined by state law, this Code provision appears to have

5

had its origin in that notion. Id. at 761-62.

In our recent opinion in Yuhas, we concluded that the debtor's pension plan fit within the parameters of § 541(c)(2) and, therefore, that the plan was not property of the bankruptcy estate. Here, both the Bankruptcy Court and the District Court found Yuhas to be controlling. Interpreting Yuhas, both Courts determined that the provisions of the IRC purportedly declaring IRAs to be "trusts" for federal tax purposes, see 26 U.S.C. § 408, required a finding that Davis's pension plan was a "trust" for purposes of § 541(c)(2). But neither court thoroughly analyzed what law should apply to determine whether the IRA is a "trust" – a term that is not defined within the Bankruptcy Code – or explained what facts should be controlling under such law. Accordingly, we remain unconvinced by the reasoning of both courts.

As we noted in Yuhas, five requirements must be met in order for an IRA to be excluded from a debtor's bankruptcy estate under § 541(c)(2): 1) the IRA must constitute a "trust"; 2) the funds in the IRA must represent the debtor's "beneficial interest" in that trust; 3) the IRA must be qualified under 26 U.S.C. § 408; 4) there must be a "restriction on the transfer" of the funds in the IRA; and 5) the restriction must be enforceable under "applicable nonbankruptcy law." 104 F.3d at 614. The Bankruptcy Court and the District Court were correct in determining that these five factors control the analysis of Davis's IRA. However, they misconstrued the extent to which Yuhas answered the questions as they are presented here.

6

First, we emphasize the fact that <u>Yuhas</u> addressed only the fourth factor under § 541(c)(2), assuming that the remaining prongs were satisfied but noting that the parties chose not to dispute them. 104 F.3d at 614. Importantly, we never opined on how we would determine whether an IRA constitutes a "trust" for purposes of the Bankruptcy Code. We therefore do not find <u>Yuhas</u> to dictate the result here as to whether this IRA is a "trust" for purposes of § 541(c)(2).

However, we did note in <u>Yuhas</u> that the New Jersey statute at issue there explicitly designated the debtor's IRA as a "qualifying trust" that was not subject to alienation, as a matter of state law for purposes of that state exemption statute. <u>See</u> N.J. Stat. Ann. § 25:2-1(b). The same is not true in the instant case. While it is similar to the New Jersey provision we examined in <u>Yuhas</u>, the Pennsylvania statute that is relevant here does not contain a comparable clause indicating that an IRA is considered a "trust" for state exemption purposes. <u>See</u> 42 Pa. Cons. Stat. Ann. § 8124(b). Additionally, the Bankruptcy Code provides little guidance as to how we should define the term "trust" in § 541(c)(2). Thus, we must look elsewhere to determine if what we have before us is a "trust." <u>See, e.g.</u>, <u>In re Fulton</u>, 240 B.R. 854, 862-64 & n.9 (Bankr. W.D. Pa. 1999).

Perhaps recognizing this, the District Court turned to other federal statutes – specifically, federal tax law – to aid in determining whether Davis's IRA is a "trust." The IRC provides that an IRA, such as the one at issue here, is a "trust" or is "treated as a trust" for tax purposes. <u>See</u> 26 U.S.C. § 408(a), (h). We have difficulty concluding,

7

based on the cursory briefing before us, that a definition under the IRC alone can suffice to render Davis's IRA a "trust" for purposes of § 541(c)(2) of the Bankruptcy Code. Further, the language of the IRC itself does not indicate that every person's custodial IRA fund is actually designated as a "trust" under that particular federal scheme. To the contrary, the benefits described in 26 U.S.C. § 408 extend to certain IRAs that are referred to as "trusts" under subsection (a), and other accounts that are "treated as trusts" under subsection (h). We do not know whether Davis's account would merely be "treated as a trust," and therefore not actually a trust, even under the IRC. Cf. Fulton, 240 B.R. at 865-66 (discussing subsections (a) and (h) of § 408, and refusing to conclude that the IRC mandates that all IRAs are trusts). Accordingly, § 408 appears to be of little, if any, help in determining the answer to the first question in the Yuhas inquiry. Further, neither the Bankruptcy Court nor the District Court explained why a definition found in the IRC would be controlling for purposes of the Bankruptcy Code.

We find the opinion of Bankruptcy Judge Carey in In re Williams, 290 B.R. 83 (Bankr. E.D. Pa. 2003), a case that involved the same Pennsylvania statute in question here, to reflect the concerns we have regarding the issue before us. In Williams, Judge Carey relied upon existing case law in the bankruptcy area to support his conclusion that state law should govern the issue of whether a "trust" is present for purposes of exclusion under § 541(c)(2). See 290 B.R. at 87-89 (citing In re Barnes, 264 B.R. 415, 429-30 (Bankr. E.D. Mich. 2001); Fulton, 240 B.R. at 862; In re Kingsley, 181 B.R. 225, 232

8

(Bankr. W.D. Pa. 1995)).  As noted by Judge Carey, "Congress chose neither to qualify the term 'trust' in § 541(c)(2), nor to define it elsewhere in the Bankruptcy Code." Williams, 290 B.R. at 88-89.  Consistent with the bankruptcy precedent he examined, Judge Carey went on to apply Pennsylvania trust law and find that the IRA was not a "trust" that could be excluded under § 541(c)(2).  Id. at 89.

Here, Schwab argued that Pennsylvania trust law should apply, but the Bankruptcy Court held, without any reasoned analysis, that IRAs are trusts under the IRC, and that those tax code provisions should control.  The District Court reached the same conclusion after a similarly cursory discussion.  We are reluctant to affirm the conclusion that Davis's IRA is a trust for purposes of § 541(c)(2), whether we look Pennsylvania law or to the IRC.  We think the Bankruptcy Court should decide, in the first instance, which law does apply in these circumstances and whether Davis's IRA is a trust under the applicable law.

In addition, the evidence that was offered in connection with Schwab's challenge to the federal exemption originally claimed by Davis focused solely on whether the funds were "reasonably necessary" for Davis's support.[2]  No evidence was offered, nor was there opportunity for the development of a record, to satisfy a claimed exception under §

---

[2]In order for the IRA to be subject to exemption under Bankruptcy Code, Davis must show that the IRA is: 1) similar to "a stock bonus, pension, profitsharing, [or] annuity . . . plan or contract"; 2) payable "on account of illness, disability, death, age, or length of service"; and 3) "reasonably necessary for the support of the debtor and any dependent of the debtor."  11 U.S.C. § 522(d)(10)(E); see Fulton, 240 B.R. at 870-71.

9

541(c)(2).  In fact, the Bankruptcy Court, *sua sponte*, raised this issue and inquired into certain elements, namely, the application of <u>Yuhas</u> and the effect of the IRC provisions dealing with IRAs.  After raising the issue in this manner, the Court received written submissions regarding the legal aspects of the issue and heard argument from counsel, then reached its decision without hearing any further evidence that would be relevant, and perhaps necessary, to a determination regarding the nature of the IRA under trust law.  Further, we note that the few documents in the record that contain the terms of Davis's IRA account are less than clear regarding its status as a trust under Pennsylvania law or the IRC.  Accordingly, on remand, whatever evidentiary showing is necessary regarding the "trust" status of Davis's IRA should be presented.  This issue is far too important to be ruled on in a conclusory fashion, and without a fully-developed factual record.[3]

## IV.

Beyond the first prong of the <u>Yuhas</u> analysis, Schwab also challenges the Bankruptcy Court's and the District Court's rulings on the second, fourth and fifth factors

---

[3]We note that we are not construing the federal exemption provided for under § 522(d)(10) of the Bankruptcy Code, although that provision would certainly apply to some types of retirement plans.  We are only focused on the application of § 541(c)(2), a discrete provision for certain <u>trusts</u> that would, at the outset, except all of the debtor's interests in the trust from being deemed a part of the bankruptcy estate, based upon restrictions on alienation created by relevant nonbankruptcy law.  We will not consider whether the exemption applies here, as neither the Bankruptcy Court nor the District Court focused on that question or developed a factual record that would allow us to answer it ourselves.

outlined in <u>Yuhas</u>.[4] As to the second, which requires that the funds represent Davis's "beneficial interest" in the trust, Schwab's arguments are understandably and inextricably linked to his position on the trust issue. Specifically, he asserts that if, as he believes, the IRA is not a trust, then the funds in the account obviously cannot represent a "beneficial interest" in a trust. Thus, a resolution of the trust issue will yield the proper determinations under both the first and second prongs of the <u>Yuhas</u> test.

As to the fourth requirement, we find our reasoning in <u>Yuhas</u> on this point to be controlling here. We are not convinced that any minor differences in wording between the Pennsylvania and New Jersey exemption statutes, upon which Schwab relies, justify a different analysis or result in this case. <u>See, e.g.</u>, <u>Fulton</u>, 240 B.R. at 861. The two statutes have substantially the same effect on funds that fall within the scope of both of them, placing similar restraints on alienation of such funds. Finally, with respect to the fifth requirement, we are not persuaded by Schwab's attempt to distinguish this case from <u>Yuhas</u> by calling the New Jersey law a "state exclusion" statute. As we intimated in <u>Yuhas</u>, N.J. Stat. Ann. § 25:2-1(b) is more appropriately viewed as a state exemption statute. 104 F.3d at 615-16; <u>see</u> <u>In re Van Nostrand</u>, 183 B.R. 82, 86 (Bankr. D.N.J. 1995). Although the parties did not vigorously dispute the fifth requirement in <u>Yuhas</u>, our decision there certainly anticipates that the New Jersey statute would be considered

---

[4]The parties agree that the IRA is "qualified" under § 408 of the IRC, fulfilling the third requirement listed in <u>Yuhas</u>.

11

"applicable nonbankruptcy law." <u>See</u> 104 F.3d at 614 n.1, 616. Further, allowing a debtor to rely upon a state exemption statute as a means of showing that there is a restriction on the transfer of certain of his funds simply is not tantamount to permitting him to invoke both state and federal exemptions, in contravention of § 522(b) of the Bankruptcy Code.

Accordingly, we conclude that the second determination under <u>Yuhas</u> may be considered on remand, as it is tied to the first prong regarding the IRA's "trust" status, and that the District Court did not err in its determinations with respect to the final three requirements.[5]

## V.

The Bankruptcy Court did not rule on the "exemption" issue that was originally placed before it, presumably because it thought the exception issue to be worthy of pursuit following <u>Yuhas</u>. However, having read the limited testimony of Davis, which discusses the difficult financial straits in which he finds himself, we wonder whether further navigation of the uncharted legal waters of "trust" law are in the best interests of the estate. It appears likely that, were the Bankruptcy Court to explore the exemption

---

[5]Schwab also urges that the Bankruptcy Court erred in raising the "exception" issue *sua sponte*. We find the Courts' diversion of the debtor's claimed basis for protecting his IRA to be curious, but we do not think it was prohibited, in light of the parties' failure to object thereto.

12

issue as Davis initially requested, it might alleviate the need to delve further into the issues of exception and Pennsylvania trust law. Thus, the Court will obviously be free to consider whether exemption of Davis's IRA is appropriate on remand.

For the reasons set forth above, we conclude that the Bankruptcy and District Courts erred in holding that Davis's IRA was subject to exclusion under 11 U.S.C. § 541(c)(2) without a thorough analysis of the applicable legal principles and the relevant facts. Further proceedings are required to develop facts related to the issues of whether Davis's IRA is a trust or, alternatively, whether it should be exempted under 11 U.S.C. § 522(d)(10)(E).

Accordingly, we will VACATE the order of the District Court and REMAND with instructions that the case should be remanded to the Bankruptcy Court for further proceedings consistent with this opinion.