T.C. Summary Opinion 2006-15


UNITED STATES TAX COURT


PAUL THOMAS DEMOS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1483-04S.               Filed January 30, 2006.


Paul Thomas Demos, pro se.

<u>Rachael J. Zepeda</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of sections 6330(d) and 7463 of the Internal Revenue Code in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code, as amended.

This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sent to petitioner on December 30, 2003. Pursuant to sections 6320(c) and 6330(d), petitioner seeks review of respondent's determination sustaining the filing of two notices of Federal tax liens against petitioner.

The issues for decision are: (1) Whether petitioner's case regarding the filing of the notices of Federal tax liens is moot; (2) whether petitioner may raise the underlying tax liability for any of the years in issue, and if so, whether any adjustment is appropriate; and (3) whether respondent abused his discretion in failing to abate interest and additions to tax.

Some of the facts have been stipulated, and they are so found. Petitioner resided in Phoenix, Arizona, at the time the petition was filed.

## Background

Petitioner filed his 1995 Federal income tax return on June 12, 1996. Petitioner and his wife timely filed joint 1996, 1997, and 1998 Federal income tax returns.[1]

---

[1] Petitioner's wife, Kristin K. Demos, is not a party to these proceedings because she did not request a hearing and she did not file a petition.

1995 and 1996

Petitioner's 1995 and 1996 tax returns were selected for examination, and respondent proposed adjustments. On March 12, 1998, respondent issued a 30-day letter to petitioner for the taxable year 1995. On the same date, respondent issued a 30-day letter to petitioner and his wife for the taxable year 1996. Petitioner agreed with the adjustments proposed by respondent for 1995 and signed the Form 4549-CG, Income Tax Examination Changes. The Form 4549-CG for 1995 included a corrected liability and an addition to tax under section 6651(a)(1). Petitioner and his wife agreed with the adjustments proposed by respondent for 1996, and they each signed the Form 4549-CG.

Petitioner returned the signed Forms 4549-CG to respondent, by letter dated April 9, 1998. In the letter, petitioner asked respondent to make further adjustments to his 1995 tax return. Petitioner asserted that payments he received from a third party were salary and not self-employment income as characterized by the payor. Petitioner enclosed with the April 9 letter an advance payment of $650, which he asked respondent to apply to his "past due self-employment tax" for the 1995 tax year. Respondent applied the $650 payment to petitioner's 1995 tax liability on April 13, 1998.

In the April 9, 1998, letter, petitioner also requested that respondent prepare an installment agreement because petitioner

wanted to pay the outstanding tax liabilities for 1995 and 1996. At some point, petitioner and respondent entered into an installment agreement. The record does not reflect the terms of the agreement. Petitioner made four separate payments during 1998, totaling $550, which were applied to his 1995 tax liability. Petitioner apparently defaulted on the installment agreement on May 10, 1999.

1997 and 1998

Petitioner's tax liabilities for 1997 and 1998 were assessed in amounts as reported by petitioner and his wife on the respective returns. Petitioner made a payment of $617.39 when the 1997 tax return was filed. Petitioner made an additional payment of $350 with respect to the 1997 tax liability on June 13, 1998. Petitioner made a payment of $1,584.97 when the 1998 tax return was filed. As of December 7, 2000, there were outstanding balances due on both the 1997 and the 1998 returns as filed.

Collection History

On December 7, 2000, respondent filed two notices of Federal tax liens for assessments made for all tax years in question. On December 12, 2000, respondent sent by certified mail to petitioner, a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (the 3172 Letter). On January 5, 2001, petitioner timely filed a Form 12153, Request for a Collection

Due Process Hearing (CDP hearing request).  Respondent temporarily lost the CDP hearing request.

On January 17, 2001, petitioner submitted a Form 656, Offer in Compromise (OIC).  Petitioner offered $1,300 in satisfaction of the balance due for the tax years in question.[2]  Petitioner's wife did not sign the initial OIC.  Respondent rejected the OIC because petitioner failed to respond to a letter requesting additional documentation.  Petitioner did not execute a new OIC that included both his and his wife's signatures.  Respondent closed the OIC file on May 15, 2002.

In April 2001, a portion of petitioner's overpayment for tax year 2000 was applied to the underpayment for the 1995 tax year. The liability was paid in full, and on May 18, 2001, the Federal tax lien for 1995 was released.  In August 2001, the remainder of petitioner's overpayment for tax year 2000 was applied to the underpayment for the 1996 tax year.  Petitioner does not dispute the propriety of the offsets to the years in issue.

---

[2]  Petitioner's tax liability for the years in question as of Dec. 7, 2000:

| Form | Tax Year | Balance Due |
| --- | --- | --- |
| 1040 | 1995 | $   433.68 |
| 1040 | 1996 | 1,623.18 |
| 1040 | 1997 | 3,728.66 |
| 1040 | 1998 | 3,954.03 |

Petitioner's CDP hearing occurred on October 24, 2003. At the hearing petitioner asserted that he was adversely affected by the loss of the CDP hearing request. Petitioner paid the tax liabilities due with respect to 1997 and 1998 on November 24, 2003. On December 5, 2003, approximately 6 weeks after the Appeals Office hearing, the Federal tax lien for the 1996, 1997, and 1998 tax years was released.

As indicated, a notice of determination was issued on December 30, 2003. The Appeals officer determined that respondent's collection action under section 6320 was proper, that the taxes were properly assessed, and that the notices of Federal tax liens were properly recorded. The Appeals officer further indicated that the tax liabilities for all years in issue were paid in full, that the notice of Federal tax lien for 1995 had been released, and that the release of lien for 1996, 1997, and 1998 was forwarded to the Maricopa County Recorder.[3]

Petitioner asserts that he entered into an agreement with respondent for the payment of his 1995 and 1996 tax liabilities, which allowed him to make payments of principal only, permitting a waiver of all interest and "penalties".[4] Petitioner asserts

---

[3] As noted earlier, the 1996, 1997, and 1998 lien was actually released on Dec. 5, 2003, prior to the issuance of the notice of determination.

[4] An addition to tax under sec. 6651(a)(2) for failure to timely pay the tax shown as due on the 1995, 1996, 1997, and 1998
(continued...)

that he should have been permitted to contest the underlying tax liabilities at the hearing. Petitioner asserts that respondent's delay in processing his hearing request resulted in additional interest accruing on the tax liabilities.

Respondent asserts that petitioner's case is moot because the underlying tax was paid, the tax liabilities, including interest, and additions to tax have been paid, and the notices of Federal tax liens for all years in question have been released. Furthermore, respondent asserts that petitioner cannot dispute the 1995 and the 1996 tax liabilities because petitioner had a prior opportunity to dispute the tax and waived his right to dispute the underlying liabilities by his agreement to the assessment of the tax for each year. As to all tax years in issue, respondent asserts that petitioner is not entitled to abatement of interest and additions to tax.

## Discussion

### Mootness

This Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations. Sec. 6330(d); see Iannone v. Commissioner, 122 T.C. 287, 290 (2004). We have also stated that our review is generally limited to whether the

---

⁴(...continued)
tax returns was also assessed.

proposed lien or levy is proper.  Gerakios v. Commissioner, T.C. Memo. 2004-203; Chocallo v. Commissioner, T.C. Memo. 2004-152.

We first consider whether the issues in this proceeding are moot.  The notice of Federal tax lien filed for the 1995 tax year was released on May 18, 2001.  The notice of Federal tax lien filed for the 1996, 1997, and 1998 tax years was released on December 5, 2003.  Thus, as of December 30, 2003, the date the notice of determination was issued, all the tax liabilities were fully paid and all notices of Federal tax liens were released.

The Court's jurisdiction under section 6330 is generally limited to reviewing whether the proposed lien or levy is proper. Freije v. Commissioner, 125 T.C. 14 (2005).  Since all the liens in this matter have, in fact, been released, we conclude that the matter is moot.  See Greene-Thapedi v. Commissioner, 126 T.C. ___ (2006); Gerakios v. Commissioner, supra; Chocallo v. Commissioner, supra.

Having concluded that any issues regarding the filing of notices of Federal tax liens are moot, we do not consider any claim made by petitioner as to the underlying tax liabilities, and petitioner's claim for abatement of interest and additions to tax.  Greene-Thapedi v. Commissioner, supra.

We note that petitioner claimed that respondent violated his due process rights.  Petitioner did not cite or rely on any specific statute as a basis for this claim, and we generally have

no jurisdiction over such matters.  See <u>Chocallo v. Commissioner</u>, <u>supra</u>.  If petitioner meant to make a section 7433 claim, which provides up to $1 million in civil damages, we note that such claims must be brought in a District Court of the United States. Sec. 7433(a); <u>Chocallo v. Commissioner</u>, <u>supra</u>.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>An appropriate order or dismissal will be entered</u>.