T.C. Summary Opinion 2006-38


UNITED STATES TAX COURT


TERRIE ELAINE BANKS, Petitioner $\underline{v}$. COMMISSIONER OF INTERNAL
REVENUE, Respondent


Docket No. 6501-05S.            Filed March 14, 2006.


Terrie Elaine Banks, pro se.

Lauren B. Epstein, for respondent.


PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of sections 6330(d) and 7463.[1]  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended.

Respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for unpaid Federal income tax for the taxable year 1995. The notice of determination relates to a notice of intent to levy dated September 11, 2004.

The issue for decision is whether, in the context of respondent's motion for summary judgment, respondent's determination to proceed with a notice of levy was an abuse of discretion.

Background

Petitioner resided in Orlando, Florida, at the time the petition was filed.

On February 12, 2002, respondent issued to petitioner a notice of deficiency for the taxable year 1995. The notice determined a $12,222 deficiency and a $1,872.50 addition to tax pursuant to section 6651(a)(1). On May 31, 2002, the Court received a petition submitted by Terrie Elaine Banks, to which the Court assigned docket No. 9220-02S. The petition sought to challenge the notice of deficiency for the taxable year 1995. The petition arrived in an envelope bearing a private postage meter postmark (Winter Garden, FL) dated May 13, 2002, and a U.S. Postal Service postmark (Orlando, FL) dated May 14, 2002.

By order of dismissal entered August 21, 2002, the Court granted respondent's motion to dismiss for lack of jurisdiction. The Court concluded that, considering the U.S. Postal Service postmark, the petition was mailed 91 days after the mailing of the notice of deficiency and accordingly, the petition was untimely.  See <u>Malekzad v. Commissioner</u>, 76 T.C. 963 (1981); sec. 301.7502-1(c)(1)(iii), Proced. & Admin. Regs.

After the dismissal of that case, respondent assessed the deficiency and addition to tax.  On September 11, 2004, a notice of intent to levy was sent to petitioner.  Petitioner timely requested a hearing.  The tax liability, including addition to tax and interest, at this point was $13,914.58.  In the request for hearing, petitioner questioned the Court's prior dismissal of the deficiency case and asked that it be reopened.[2]

<u>Discussion</u>

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988).  Either party may move for summary judgment upon all or any part of the legal issues in controversy.  Rule 121(a).  Because there are no genuine issues

---

[2]  Petitioner also objected on the basis that a notice of Federal tax lien had been filed on July 17, 1996, and that this proceeding represents "double taxation".  Petitioner attached a copy of the notice of lien which lists the taxpayer as "Terrie Canaday Banks, Aim Alternatives in Managed Care".  The notice of lien is for employment taxes for periods in 1996.

of material fact, as discussed <u>infra</u>, we conclude that summary judgment is appropriate in this case. <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after the notice and demand for payment is made. Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to "unpaid tax" only if the Secretary has given written notice to the taxpayer 30 days before the levy. Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before the levy is begun.

If a section 6330 hearing is requested, the hearing is to be conducted by the Office of Appeals, and, at the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(b)(1), (c)(2). The taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy". Sec. 6330(c)(2)(A). The taxpayer may also raise challenges to the existence or amount of the underlying tax liability at a hearing if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute

that liability. Sec. 6330(c)(2)(B); see <u>Montgomery v. Commissioner</u>, 122 T.C. 1 (2004).

This Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations. Sec. 6330(d); see <u>Iannone v. Commissioner</u>, 122 T.C. 287, 290 (2004). When the validity of the underlying tax liability is properly at issue, we review the determination on a de novo basis. When the underlying liability is not properly at issue, the Court will review the Appeals officer's determination for abuse of discretion. <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 183 (2000). Whether an abuse of discretion has occurred depends upon whether the exercise of discretion is without sound basis in fact or law. See <u>Freije v. Commissioner</u>, 125 T.C. 14 (2005); <u>Ansley-Sheppard-Burgess Co. v. Commissioner</u>, 104 T.C. 367, 371 (1995).

The record is clear that a notice of deficiency was issued to petitioner for the taxable year 1995 on February 12, 2002. Petitioner does not assert that it was not sent to her last known address or that she did not receive it in time to file a timely petition. Petitioner filed a petition in response to the notice of deficiency, and as clearly set forth in the Court's order of dismissal entered August 21, 2002, the petition was untimely. The Court concludes that petitioner received the notice of deficiency and was given an opportunity to dispute the underlying

tax liability for 1995. Accordingly, it follows that petitioner is not entitled to challenge the existence or the amount of the underlying tax liability for 1995 in this collection review proceeding. See sec. 6330(c)(2)(B); Goza v. Commissioner, supra. In this connection we note that petitioner's reference to a notice of lien filed in 1996 for employment taxes is not related to this proceeding and has no bearing on the collection proceeding at issue in this case.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the transcript of account. Moreover, petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). Under the circumstances, we conclude that respondent is entitled to a judgment as a matter of law sustaining the notice of determination.

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to the foregoing,

An appropriate order and
decision will be entered for respondent.