T.C. Memo. 2005-135

UNITED STATES TAX COURT

RAYMOND AND CYNTHIA TURNER-SIMMONS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3151-03L.                    Filed June 9, 2005.

Raymond and Cynthia Turner-Simmons, pro sese.

<u>John W. Sheffield III</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HALPERN, <u>Judge</u>:  This case is before the Court to review a
determination made by respondent's Appeals Office (Appeals) that
respondent may proceed to collect by levy unpaid taxes with
respect to petitioners' 1995 tax year (1995).  We review that
determination pursuant to section 6330(d)(1).

Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

The parties have filed a stipulation of facts, which, with accompanying exhibits (except for 2-R and 4-J[1]), is incorporated herein by this reference. Petitioners resided in Atlanta, Georgia, at the time the petition was filed.

Petitioners filed a joint Federal income tax return for 1995 (the 1995 return), showing a balance due of $2,478.83. Respondent examined the 1995 return and determined a deficiency in tax of $5,282 (the deficiency). The examination concluded with petitioners signing an Internal Revenue Service (IRS) Form 4549-CG, Income Tax Examination Changes (the Form 4549-CG). The Form 4549-CG recites only computational changes based on reported self-employment income and a reported pension distribution. By signing the Form 4549-CG, petitioners agreed to immediate assessment and collection of the deficiency and interest due to March 1, 1997, and waived their appeal rights with the IRS and their right to contest the deficiency in the Tax Court.

---

[1] Exhibit 2-R was admitted into evidence independent of the stipulation of facts. Exhibit 4-J was objected to by petitioner and not admitted at trial. On brief, respondent states that he no longer relies on Exhibit 4-J; therefore, we shall not receive it into evidence.

Petitioner wife wrote the following on the signature page of the Form 4549-CG:

> Upon receipt of this letter, I spoke with Mrs.
> Dillard on January 31, 199[ ] [illegible]. She
> explained and was very helpful in pointing out the
> additional taxes. We do not dispute the amount
> and are presently in an installment agreement with
> the IRS and will continue to make monthly payments
> to pay off the amount in full. Thank you.

Respondent computes that petitioners have a remaining, unpaid income tax liability for 1995 of $2,995.07 (the remaining liability).[2] On December 20, 2001, respondent issued to petitioners a notice of intent to levy and of petitioners' right to a hearing under section 6330. Petitioners requested a hearing under section 6330, and, pursuant to the request, petitioner wife met with Appeals Officer Murphy on January 6 and 14, 2003 (the section 6330 hearing). At the section 6330 hearing, petitioners did not

---

[2] That amount is respondent's computation of the remaining liability as of approximately the time of trial. Respondent computes that amount as follows:

| 1995 Return | Liability | Payment |
|---|---|---|
| Return as filed | $ 4,901.00 | -- |
| Withholding | -- | $2,422.17 |
| Estimated tax penalty | 120.63 | -- |
| Failure to pay penalty | 12.39 | -- |
| Interest | 15.22 | -- |
| Form 4549-CG | 5,282.00 | -- |
| Payments | -- | 4,914.00 |
| | $10,331.24 | $7,336.17 |
| Remaining liability | $ 2,995.07 | -- |

raise as an issue or dispute the adjustments in the Form 4549-CG. The only issue raised by petitioners at the section 6330 hearing was that they claimed that they had already paid their 1995 income tax liability. Petitioners presented no evidence beyond petitioner wife's statements that they had paid that liability.

On January 24, 2003, Appeals mailed to petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the determination). The determination addresses the issues raised by petitioners in protesting the levy, states that the levy is necessary to ensure efficient collection of taxes, and confirms that respondent has met the requirements of the applicable laws and administrative procedures.

## OPINION

### I. Sections 6330 and 6331

Section 6331(a) authorizes the Secretary to levy against property and property rights where a taxpayer liable for taxes fails to pay those taxes within 10 days after notice and demand for payment is made. Section 6331(d) requires the Secretary to send written notice of an intent to levy to the taxpayer, and section 6330(a) requires the Secretary to send a written notice to the taxpayer of his

right to a section 6330 hearing at least 30 days before any levy is begun.[3]

If a section 6330 hearing is requested, the hearing is to be conducted by Appeals, and, at the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(b)(1), (c)(2). The taxpayer may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy. Sec. 6330(c)(2)(A). The taxpayer may contest the existence or amount of the underlying tax liability at a hearing if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability. Sec. 6330(c)(2)(B).

At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection, taking into account, among other things, collection alternatives proposed by the taxpayer and whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. See sec. 6330(c)(3).

---

[3] A taxpayer receiving a notice of Federal tax lien has hearing rights similar to the hearing rights accorded a taxpayer receiving a notice of intent to levy. See sec. 6320(c).

We have jurisdiction to review the Appeals officer's determination where we have jurisdiction over the type of tax involved in the case. Sec. 6330(d)(1)(A); see Iannone v. Commissioner, 122 T.C. 287, 290 (2004). Generally, we may consider only those issues that the taxpayer raised during the section 6330 hearing. See sec. 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs.; see also Magana v. Commissioner, 118 T.C. 488, 493. Where the underlying tax liability is properly at issue, we review the determination de novo. E.g., Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not at issue, we review the determination for abuse of discretion. Id. at 182. Whether an abuse of discretion has occurred depends upon whether the exercise of discretion is without sound basis in fact or law. See Ansley-Sheppard-Burgess Co. v. Commissioner, 104 T.C. 367, 371 (1995).

II. Arguments of the Parties

Petitioners dispute the adjustments on the Form 4549-CG (the adjustments). They also argue that none of their 1995 income tax liability remains unpaid. Respondent argues that petitioners failed to raise the adjustments during the section 6330 hearing and that they did not either during that hearing or at trial provide any evidence showing

any payments in excess of those credited to their account by respondent.

III. Discussion

While petitioners claim that they raised the adjustments at the section 6330 hearing, respondent's record of what occurred at the hearing states that the only issue petitioners raised was the amount petitioners had paid. Petitioners have failed to convince us that they raised the adjustments during the section 6330 hearing. Also, they have failed to convince us that, as they claimed at trial, they were coerced into signing the Form 4549-CG.[4] At trial,

---

[4] If a taxpayer signs a Form 4549-CG under duress or coercion, the waivers contained therein of the taxpayer's rights to contest the deficiency are invalid. Zapara v. Commissioner, 124 T.C. __, __ (2005) (slip op. at 10). In Zapara, we held: "[A] taxpayer who has signed a Form 4549-CG waiving his right to challenge the proposed assessments should be deemed to have had an opportunity to dispute his tax liabilities and is thereby precluded from challenging those liabilities." Id. Previously, in Aguirre v. Commissioner, 117 T.C. 324, 327 (2001), we held that, by signing a Form 4549-CG, the taxpayers "expressly waived the opportunity to obtain prepayment judicial review of their tax liability for those years." As reported above, sec. 6330(c)(2)(B) provides that the taxpayer may contest the existence or amount of the underlying tax liability at a sec. 6330 hearing if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability. It is unclear from the two cases whether a taxpayer who signs a Form 4549-CG following an examination of his return loses his right to raise the underlying tax liability in a subsequent sec. 6330 hearing because (1) he waived his right to administrative or judicial consideration of the underlying liability by choosing not to receive a statutory notice of deficiency or (2) the examination preceding execution of the Form 4549-CG constituted

(continued...)

petitioners produced no evidence that would show any error in the adjustments.  They produced no evidence showing that respondent has made any error in crediting their account for all payments received from them with respect to their 1995 income tax liability, nor did they establish that the remaining liability is any less than respondent claims it to be.  Whatever standard of review we apply to Appeals' determination to proceed with collection by levy of the

---

[4](...continued)
an opportunity to dispute the tax liability recited on the form. The former interpretation is suggested by Aquirre, in which we supported our holding by citing Sego v. Commissioner, 114 T.C. 604, 611 (2000), for the proposition that a taxpayer who deliberately refuses to accept delivery of a notice of deficiency repudiates his opportunity to contest the notice at Appeals or in Tax Court.  The distinction could be important in a case with facts different from those before us today.  Consider, for example, a taxpayer who disagrees with an examiner's proposed increase in his tax liability and exercises his right to appeal within the IRS by protesting the proposed increase to Appeals. Suppose that Appeals rejects his protest, and the Commissioner sends to the taxpayer's last known address a notice of deficiency that conforms to the requirements of sec. 6212.  Suppose further that the notice goes astray and is never delivered, and, therefore, the taxpayer loses his opportunity to petition the Tax Court for a redetermination of the deficiency.  See sec. 6213(a). Is the taxpayer precluded from raising the underlying tax liability in a sec. 6330 hearing (and, if necessary, before the Tax Court) because he already had an opportunity to dispute the tax liability, or is he not precluded from raising the liability because he signed no Form 4549-CG and waived no rights to any administrative or judicial consideration?  If he can raise the underlying tax liability in a sec. 6330 hearing and, if dissatisfied with the resolution of the hearing, before the Tax Court, then in effect the actual receipt rule of sec. 6330(c)(2)(B) replaces the last-known-address-is-adequate rule of sec. 6212 as a trigger for Tax Court jurisdiction, at least to the extent the taxpayer wishes to dispute the underlying tax liability.

remaining liability--and even assuming that petitioners raised the issue of the adjustments in the Form 4549-CG at the section 6330 hearing--petitioners have failed to prove that Appeals erred in determining to proceed with collection of that liability.

IV.  Conclusion

We sustain the determination.

To reflect the foregoing,

Decision will be entered

for respondent.