T.C. Summary Opinion 2005-141


UNITED STATES TAX COURT


LEONARD T. AND BONNIE S. WHITFIELD, Petitioners $v$. COMMISSIONER
OF INTERNAL REVENUE, Respondent


Docket No. 3653-04S.          Filed September 27, 2005.


Leonard T. Whitfield and Bonnie S. Whitfield, pro sese.

Jonae A. Harrison, for respondent.


PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of sections 6330(d) and 7463.[1]  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended.

Respondent issued each petitioner a separate Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for unpaid Federal income taxes and related liabilities for 1991, 1992, 1993, and 1998.

The notices of determination relate to a notice of intent to levy dated March 24, 2003, for the above years. The parties agree that there is no tax liability for the tax year 1998; accordingly that year is not in issue in this case.

The issue for decision is whether respondent's determination to proceed with a notice of levy was an abuse of discretion.

Background

Some of the facts have been stipulated, and they are so found. Petitioners resided in Mesa, Arizona, at the time the petition was filed.

On April 15, 1994, petitioners filed delinquent tax returns for the tax years 1983 through 1993. There were unpaid balances due from these returns. Petitioners made two payments on September 7 and 21, 1993, of $937.27 and $937.18, respectively. The record is not clear as to what tax years these payments were applied.

At some point in 1994 petitioners entered into an installment agreement with respondent to make monthly payments of

$590 per month.[2]  Petitioners made 27 equal monthly payments in the amount of $590 each.  The payments commenced in approximately August 1994.[3]

In October 1996 petitioners requested from the IRS a written statement as to the balance of taxes due.  By letter dated October 3, 1996, respondent provided petitioners a statement as to the balance of taxes due.  The attachments reflected the following information as to petitioners' tax liabilities:

| Form | Tax Year | Balance Due | As of (date) |
|------|----------|-------------|--------------|
| 1040 | 1983 | $1,692.15 | 11-03-96 |
| 1040 | 1984 | 2,398.44 | 11-03-96 |
| 1040 | 1988 | 139.98 | 11-03-96 |
| 1040 | 1990 | 2,958.92 | 11-03-96 |
| 1040 | 1991 | 3,535.22 | 11-03-96 |
| 1040 | 1993 | 1,929.13 | 11-03-96 |

Petitioners made a payment of $11,580, dated December 30, 1996, which was applied by the IRS on January 7, 1997.  The IRS acknowledged the payment by letter dated February 4, 1997. Petitioners were advised that their accounts for the tax years 1984, 1988, and 1990 were paid in full.  By letter dated February

---

[2]  The installment agreement was not made part of the record.

[3]  Petitioners assert that 28 payments were made.  Since there are other issues in this proceeding relating to the application of payments and whether respondent is bound by a response to a balance inquiry, we do not deem the dispute about whether petitioners made 27 payments or 28 payments to be relevant to our findings and conclusions.

6, 1997, petitioners were advised that the $11,580 payment was applied as follows:

| Amount | Form | Tax Period |
|--------|------|------------|
| $1,692.15 | 1040 | Dec. 31, 1983 |
| 1,238.86 | 1040 | Dec. 31, 1984 |
| 142.14 | 1040 | Dec. 31, 1988 |
| 3,004.40 | 1040 | Dec. 31, 1990 |

We also applied $3,587.49 to your Form 1040 for 1991 and $1,914.96 to your Form 1040 for 1993.

Petitioners subsequently received notices that they owed taxes for the years 1991, 1992, and 1993.

Petitioners present two arguments. They first assert that the IRS misapplied payments made by them to other tax years. Secondly, they argue that the letters from the IRS reflect that petitioners' outstanding accounts have been paid in full; therefore, petitioners conclude that there should be no tax liability.

Discussion

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after the notice and demand for payment is made. Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to "unpaid tax" only if the Secretary has given written notice to the taxpayer 30 days before the levy. Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the

amount of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before the levy is begun.

If a section 6330 hearing is requested, the hearing is to be conducted by the Office of Appeals, and, at the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(b)(1), (c)(2). The taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy". Sec. 6330(c)(2)(A). The taxpayer may also raise challenges to the existence or amount of the underlying tax liability at a hearing if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability. Sec. 6330(c)(2)(B); see Montgomery v. Commissioner, 122 T.C. 1 (2004).

This Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations. Sec. 6330(d); see Iannone v. Commissioner, 122 T.C. 287, 290 (2004). Where, as here, the validity of the underlying tax liability is not at issue, we review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 183 (2000). Whether an abuse of discretion has occurred depends upon whether the exercise of discretion is without sound basis in fact or law. See Freije v. Commissioner,

125 T.C. 14 (2005); <u>Ansley-Sheppard-Burgess Co. v. Commissioner</u>, 104 T.C. 367, 371 (1995).

We note at the outset that the years before the Court in this collection action are 1991, 1992, and 1993. Nevertheless, petitioners have asserted that respondent misapplied payments to tax years which are not subject to this collection action. In this connection, we have jurisdiction to review the issue of whether respondent has properly applied and accounted for payments applied to other tax years since the appropriateness of the collection action for the determination years may be affected by consideration of such facts and issues. <u>Freije v. Commissioner</u>, <u>supra</u>.

We have carefully reviewed the record in this matter as to petitioners' assertions regarding the misapplication of offsets and payments to nondetermination years. The record does not reflect a misapplication of payments by respondent. We note that there is nothing in the record reflecting a direction by petitioners as to how payments should be applied. Without a specific direction from petitioners, respondent is free to apply payments and offsets as he chooses. Rev. Rul. 73-305, 1973-2 C.B. 43.[4] Of course, if the record reflected an application of a payment to a year where there is not a proper assessment of tax,

---

[4] Rev. Rul. 73-305, 1973-2 C.B. 43, was superseded by Rev. Proc. 2002-26, 2002-1 C.B. 746, which provides that unless the taxpayer provides specific written directions as to the application of the payment, the Commissioner will apply the payments that "will serve its best interest."

then the application would be improper, and petitioners'
assertion that payments should be applied to a liability for the
years in issue would require further consideration and analysis.
See Freije v. Commissioner, supra at 36-37.  This is not the
situation in this case.  Petitioners have not provided any
evidence that respondent applied payments or offsets in a manner
inconsistent with directions or that payments or offsets were
applied against improper assessments.  Accordingly, we reject
petitioners' arguments in this regard.

We now consider petitioners' argument that respondent should
be bound by the response to their balance inquiry.  As we
understand the facts, petitioners asked respondent for the amount
due, and respondent's response was not entirely accurate; in fact
it did not include all the tax liabilities due at the time of the
response.  Petitioners seek to interpret this response as an
agreement by respondent as to the amount which would satisfy
their tax liabilities for the years stated.

As pointed out by respondent, section 7121 provides a basis
for parties to enter into a closing agreement binding the
parties.  In this case, the parties did not enter into a closing
agreement.  The prior installment agreement (which was not made
part of the record) does not constitute a closing agreement.  See
Person v. Commissioner, T.C. Memo. 1985-211.

To the extent that petitioners claim that they have been
adversely affected by erroneous information provided by

respondent, we view petitioners' argument as one seeking to equitably estop respondent from proceeding with collection action. Accordingly, we consider whether the doctrine of equitable estoppel should apply in this case.

Equitable estoppel is a judicial doctrine that precludes a party from denying the party's own representations which induced another to act to his or her detriment. The doctrine of equitable estoppel is applicable against the Commissioner, but it is applied with utmost caution and restraint. Schuster v. Commissioner, 312 F.2d 311, 317 (9th Cir. 1962), affg. 32 T.C. 998 (1959); Boulez v. Commissioner, 76 T.C. 209, 214-215 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987).

A taxpayer must establish the following elements before equitable estoppel will be applied against the Government: (1) A false representation or wrongful, misleading silence by the party against whom the estoppel is claimed; (2) an error in a statement of fact and not an opinion or statement of law; (3) the taxpayer's ignorance of the true facts; (4) reasonable reliance on the acts or statements of the one against whom estoppel is claimed; and (5) adverse effects suffered by the taxpayer from the acts or statements of the one against whom estoppel is claimed. Norfolk S. Corp v. Commissioner, 104 T.C. 13, 60 (1995), affd. 140 F.3d 240 (4th Cir. 1998). If any one of these elements is missing, equitable estoppel does not apply.

Regardless of respondent's assertions about the unpaid liabilities, petitioners paid amounts that in fact were due and owing. The payments were applied by respondent. Petitioners have not established that payments were misapplied. Making payments of a legally due tax does not constitute detrimental reliance. Hudock v. Commissioner, 65 T.C. 351, 364 (1975). Since at least one element of collateral estoppel has not been satisfied, respondent is not collaterally estopped from proceeding in this case.

We sustain respondent's determination to proceed with collection of the income tax liabilities for the years in issue.

An appropriate decision will

be entered for respondent.