T.C. Memo. 2009-82

UNITED STATES TAX COURT

RICKY L. SPAIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15162-07L.                    Filed April 27, 2009.

Ricky L. Spain, pro se.

<u>Heather D. Horton</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  This matter is before the Court on
respondent's motion for summary judgment on the determination to

file a notice of Federal tax lien (NFTL) and regarding whether a section 6673[1] penalty should be imposed on petitioner.

Respondent seeks summary judgment on the question of whether collection may proceed in accordance with a notice of determination sent to petitioner. Respondent made the determination to proceed to collect, by filing an NFTL covering petitioner's 1990, 1991, and 1992 unpaid tax liabilities. Petitioner seeks review of that determination under sections 6320(c) and 6330(d).

The issues for consideration are: (1) Whether respondent's determination to proceed with collection was an abuse of discretion and (2) whether a section 6673 penalty should be imposed on petitioner.

### Background

Petitioner failed to file Forms 1040, U.S. Individual Income Tax Return, for the taxable years 1990, 1991, and 1992. Respondent prepared and filed substitutes for returns under section 6020(b). Respondent then mailed notices of deficiency for those years to petitioner's last known address. Petitioner did not appeal to this Court from those notices, and respondent assessed the income tax deficiencies.

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.

When petitioner failed to pay the assessed deficiencies, he was sent notice of respondent's intent to levy. Petitioner requested a hearing before Appeals but was not given one because he insisted on tape-recording the hearing. Respondent issued a notice of determination on July 30, 2002. On September 3, 2002, petitioner filed a petition with the Court for review under section 6330(d) in docket No. 14090-02L.

While that case was pending in this Court, petitioner, on March 10, 2003, filed for bankruptcy under chapter 7 of the Bankruptcy Code. The bankruptcy proceeding was adjudicated and closed on June 19, 2003. Petitioner's tax liabilities were not discharged, because he failed to file tax returns for the years in issue.

On March 29, 2004, respondent filed a motion to remand the case at docket No. 14090-02L to respondent's Appeals Office to provide petitioner with a section 6330 administrative hearing (section 6330 hearing) to discuss petitioner's underlying tax liabilities. Respondent's motion was granted on April 5, 2004. Petitioner was afforded a section 6330 hearing, and he was given an opportunity to challenge his underlying tax liability. Petitioner raised three issues: (1) The substitutes for returns respondent prepared should have been considered tax returns by the bankruptcy court; (2) the failure to file penalty should be

limited to $100; and (3) the notice of deficiency was improperly issued because it was sent to the wrong address.

Respondent advised petitioner that his arguments had been rejected by the courts. Therefore, according to the relevant authority, respondent concluded that petitioner's unpaid tax liability had not been discharged in the bankruptcy proceeding, the failure to file penalty was appropriate, and the notice of deficiency was properly issued because it was mailed to petitioner's last known address. On January 19, 2005, respondent issued a supplemental notice of determination sustaining the intent to levy.

This Court entered a decision in docket No. 14090-02L that was agreed to by petitioner and respondent on March 25, 2005, sustaining respondent's determinations to proceed with the levy. As of the date of the entry of decision, petitioner owed the following amounts:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1990 | $1,951 | $487.75 | $128 |
| 1991 | 2,360 | 590.00 | 125 |
| 1992 | 2,383 | 595.75 | 104 |

On January 3, 2006, respondent mailed notice of the NFTL filing (CDP notice) to petitioner's last known address. The NFTL indicated that petitioner owed $2,656.87, $7,998.88, and

$7,484.19 for his 1990, 1991, and 1992 tax years, respectively.[2] Petitioner made a timely request for a section 6320 hearing on February 7, 2006, in which he stated that the lien was improper because: (1) Taxes were not assessed in 1997; (2) the notices of deficiency were mailed to the wrong address, if at all; (3) petitioner did not receive the notices of deficiency; (4) the amount of the alleged assessment was significantly different from the amount determined on audit; (5) the penalties were inappropriate because petitioner acted in good faith; (6) the interest amounts were inappropriate because they were caused by respondent's errors and delays; (7) respondent did not notify petitioner within 5 days after the NFTL was executed; and (8) petitioner filed a bankruptcy petition before the NFTL was filed.

On May 3, 2006, Settlement Officer Irma Hernandez sent petitioner a letter stating that petitioner qualified for a face-to-face hearing with respondent's Appeals Office. On April 10, 2007, Settlement Officer Beverly J. Prawl wrote to petitioner requesting that he call her within 14 days to schedule the section 6320 hearing. Her letter instructed petitioner to call during her office hours of 8 a.m. to 4:30 p.m. and in the event he reached her voicemail, to leave a phone number where he could be reached during those hours. The letter also indicated that

_____

[2]The increased amounts over the deficiency determinations are likely attributable to accrued interest.

petitioner was eligible for a face-to-face hearing. Petitioner was notified that he was precluded from disputing the underlying tax liability because he had a prior opportunity to dispute the liability, a decision had been entered in Tax Court, and a notice of determination had been mailed by Appeals. Furthermore, petitioner was informed that he could not propose collection alternatives unless he submitted a collection information statement, filed returns for tax years 1993 through 2005, and made estimated tax payments for 2007.

On April 25, 2007, petitioner left Ms. Prawl a voicemail message at 6:17 a.m. Petitioner reiterated his desire to resolve his issues in person, and he stated that he was not available to speak by phone and, instead, left a number for his voicemail. On April 30, 2007, Ms. Prawl left a voicemail message for petitioner apprising him that he was precluded from disputing the underlying tax liability or proposing collection alternatives. She also informed petitioner that he was not eligible for a face-to-face hearing unless he presented an issue that was not precluded. She asked him to call back the next day during office hours and again requested that he leave his phone number if he reached her voicemail.

Instead of calling during office hours, petitioner faxed a letter to Ms. Prawl after normal office hours on May 1, 2007. In the letter petitioner restated his preference for a face-to-face

hearing but acquiesced to a correspondence hearing. In his letter petitioner did not raise any issue that was not precluded.

The following day Ms. Prawl left a voicemail for petitioner requesting that he send any correspondence regarding the hearing by May 14, 2007. She warned petitioner that a determination letter would otherwise be issued. On May 15, 2007, Ms. Prawl received a letter from petitioner in which he refused to agree to a correspondence hearing and again demanded a face-to-face hearing.

On May 22, 2007, Ms. Prawl obtained a copy of petitioner's bankruptcy report. Ms. Prawl noted that the bankruptcy case had been closed on June 19, 2003.

On May 31, 2007, respondent issued petitioner a notice of determination finding the filing of the NFTL was appropriate. The notice of determination also concluded that the CDP notice was timely sent and that petitioner had no pending bankruptcy case at that time or at the time the CDP notice was sent. Petitioner's remaining arguments were not considered because he had a prior opportunity to dispute his tax liability and was therefore precluded from raising those issues.

On July 3, 2007, petitioner filed a petition with this Court seeking review of respondent's determination sustaining the filing of the NFTL. On March 3, 2008, respondent moved for

summary judgment on the filing of the NFTL and for the imposition of a section 6673 penalty upon petitioner.

Discussion

I. Motion for Summary Judgment

Summary judgment may be granted when there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The opposing party cannot rest upon mere allegations or denials in his pleadings and must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d). The moving party bears the burden of proving there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

If a taxpayer neglects or refuses to pay a tax owed after demand for payment, the unpaid tax will be a lien in favor of the United States upon all property and rights to property belonging to that person. Sec. 6321. If the Commissioner files a notice of that lien under section 6323, the taxpayer must be notified of the filing in writing no more than 5 business days afterwards. Sec. 6320(a).

Upon request, the taxpayer is entitled to an administrative review hearing before an impartial officer or employee of the Appeals Office. Sec. 6320(b). The hearing is conducted according to the procedures under section 6330(c), (d), and (e). At the hearing, the taxpayer may raise any relevant issue regarding the Commissioner's collection activities. Sec. 6330(c)(2)(A). However, if a taxpayer received a statutory notice of deficiency for the years in issue or otherwise had a prior opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B).

Following the hearing, the Appeals officer must determine whether the collection action is to proceed, taking into account the verification the Appeals officer has made, the issues the taxpayer raised at the hearing, and whether the collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Sec. 6330(c)(3).

We have jurisdiction to review the determination if we have jurisdiction over the type of tax involved in the case.[3] Sec. 6330(d)(1); Iannone v. Commissioner, 122 T.C. 287, 290 (2004).

_____

[3]For determinations made after Oct. 16, 2006, this Court would have jurisdiction irrespective of the type of tax liability involved. Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019; Callahan v. Commissioner, 130 T.C. 44 (2008).

We review under an abuse of discretion standard when the underlying tax liability is not in issue. <u>Goza v. Commissioner</u>, 114 T.C. 176, 182 (2000).

Petitioner had a prior opportunity to dispute the underlying tax liabilities at the section 6330 hearing. He was therefore precluded from disputing his underlying tax liability at the section 6320 hearing. Consequently, we do not consider that issue. <u>Id.</u> at 182-183.

Under the abuse of discretion standard, petitioner is required to show that respondent's actions were arbitrary, capricious, or without sound basis in fact. See <u>Knorr v. Commissioner</u>, T.C. Memo. 2004-212.

In making the determination to sustain the NFTL filing, respondent verified that there was compliance with all legal and procedural requirements. Respondent determined that the CDP notice was timely sent and that there was no pending bankruptcy action that would have proscribed the filing of the NFTL. Moreover, petitioner's underlying tax liability was not discharged in the bankruptcy proceeding because he had not filed tax returns for the years in issue.

Petitioner raised no other issues which respondent could have considered because petitioner was precluded from raising the issue of his underlying tax liability. Petitioner did not propose any collection alternatives.

Respondent's issuance of the notice of determination was not arbitrary or capricious. The determination was made after careful consideration of the issues properly raised by petitioner. Accordingly, we hold that there was no abuse of discretion in determining to proceed with collection, and respondent's motion for summary judgment will be granted.

## II. Section 6673 Penalty

Section 6673(a)(1) authorizes this Court to impose a penalty not to exceed $25,000 if a taxpayer took frivolous or groundless positions in a proceeding or instituted a proceeding primarily for delay. A taxpayer's position is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Sicalides v. Commissioner, T.C. Memo. 1989-164. A taxpayer's position is groundless when the only evidence he tries to support it with is evidence that he knows to be false. Bagby v. Commissioner, 102 T.C. 596, 615 (1994).

Petitioner claims that he is ready and willing to pay his correct tax liability but that it was respondent who delayed resolution of the matter by refusing to grant him a face-to-face hearing. Petitioner stipulated this Court's earlier decision sustaining respondent's determination to proceed with the levy. At that point petitioner knew the correct amount of his tax

liability.  Petitioner's actions since then confirm that he is merely attempting to delay collection.

On brief, petitioner claims, for the first time, that he was pressured into signing the decision document entered by this Court and that he did not understand what he was agreeing to.  We are unconvinced by petitioner's explanation.  Petitioner did not take any action to be relieved from the decision entered and did nothing until respondent filed the NFTL.

In his request for an administrative hearing, petitioner raised issues which he had already addressed in his previously resolved section 6330 hearing and proceeding before this Court. He had already unsuccessfully claimed that his bankruptcy case prohibited respondent from taking collection action on his unpaid tax liability and that he never received notices of deficiency for the years in issue.  Yet, he made exactly the same arguments again in his current challenge to respondent's collection action. Petitioner also contended that the NFTL filing was not sent timely because he <u>received</u> the notice on January 10, 2006. Petitioner's argument is frivolous and groundless because the notice had been <u>sent</u> within the statutorily required 5-day period.

Petitioner then deliberately impeded the scheduling of the section 6320 hearing by contacting Ms. Prawl outside her normal office hours.

Petitioner also continued to demand a face-to-face hearing even after being informed that he was ineligible for such a hearing.

In further pursuit of delay, petitioner filed a petition with this Court after respondent issued a notice of determination. In litigating his claim, petitioner has continued the same pattern of presenting repetitive frivolous and groundless arguments.

In his petition, petitioner asserted numerous affirmative defenses. With the exception of his claim of discharge in bankruptcy petitioner has not presented arguments or evidence concerning any of the other allegations made either in his pleadings or the administrative or Court proceedings.

Petitioner claims that he should not be liable for the section 6673 penalty because he acted in good faith in that he believed that there was an error in the underlying tax liability. He distinguishes between income tax and self-employment tax, claiming that the tax liability reflected in the stipulated decision is entirely attributable to self-assessed self-employment tax. He argues that his correct income tax was therefore zero and the filing of the NFTL was thus inappropriate. This position is also frivolous as there is no basis in law for making such a distinction.

Petitioner has so far succeeded in delaying collection of taxes he has owed for as long as 17 years. Despite stipulating

a levy regarding his tax liability 4 years ago, petitioner has attempted to forestall collection of that agreed liability using the same failed arguments.  We therefore hold petitioner is liable for a $2,500 penalty under section 6673(a)(1).

To reflect the foregoing,

An appropriate order and decision will be entered.