T.C. Memo. 2012-342

UNITED STATES TAX COURT

BUSINESS INTEGRATION SERVICES, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8811-11L.                    Filed December 10, 2012.

Phong Van Nguyen (an officer), for petitioner.

Christina L. Cook, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge:  The petition in this case was filed in response to a
Notice of Determination Concerning Collection Action(s) under Section 6320
and/or 6330 (notice of determination) dated March 10, 2011, upholding a
proposed levy collection action for tax years 2003, 2005, 2006, 2007, and 2008.

**[\*2]** We must consider whether respondent's determination to proceed with the collection action regarding petitioner's unpaid income tax liabilities for tax years 2005, 2006, 2007, and 2008 was proper.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Petitioner, a corporation, had its principal place of business in Minnesota when it filed its petition.

Petitioner filed its Forms 1120, U.S. Corporation Income Tax Return, for tax years 2003, 2005, 2006, 2007, and 2008 but failed to pay the amount of tax due for any of the tax years. Respondent assessed the unpaid tax, plus penalties, additions to tax, and interest for each year in issue. Respondent did not audit petitioner's returns, and petitioner did not receive a notice of deficiency.

On August 6, 2009, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 for tax year 2007. The deadline to request a hearing was September 14, 2009. On April 8, 2010, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 for tax year 2008. The deadline to request a hearing was

[*3] May 17, 2010. On August 20, 2010, respondent sent petitioner a notice of intent to levy for tax years 2003, 2005, 2006, 2007, and 2008.

On September 20, 2010, petitioner submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing, with respect to the proposed levy collection action for tax years 2003, 2005, 2006, 2007, and 2008 and the two notices of Federal tax lien for tax years 2007 and 2008. Under "Basis for Hearing Request" petitioner checked "Filed Notice of Federal Tax Lien" and "Proposed Levy or Actual Levy". Petitioner requested that it receive an equivalent hearing to a collection due process (CDP) hearing in case its request for a CDP hearing was untimely. On Form 12153 petitioner requested a collection alternative, either an installment agreement or an offer-in-compromise, and a lien subordination. Petitioner also wrote that it "would like the IRS to consider * * * [its] amended return". Petitioner has never submitted amended returns for the years in issue.

On December 1, 2010, respondent's settlement officer sent petitioner a letter scheduling a telephone CDP hearing regarding the proposed levy collection action for tax years 2003, 2005, 2006, 2007, and 2008. The letter explains that petitioner did not make a timely request for a CDP hearing regarding the notices of Federal tax lien and that petitioner would be offered an equivalent hearing regarding the liens. The letter states that "we will issue a decision letter for the periods for

[*4] which your CDP request was determined not to be timely." The letter also requests that petitioner submit a Form 433-B, Collection Information Statement for Businesses, and provide proof of Federal tax deposits. Petitioner did not submit a Form 433-B or provide proof of Federal tax deposits.

On February 10, 2011, the settlement officer held a hearing with petitioner's chief executive officer, Phong Nguyen. During the hearing Mr. Nguyen did not raise any issues regarding the underlying tax liability. Mr. Nguyen and the settlement officer discussed the lien subordination process and how the Government may allow a junior creditor to take priority over a lien if the proceeds are used to pay the tax. Mr. Nguyen stated that petitioner would look into the process further, but petitioner did not address this issue again. Mr. Nguyen and the settlement officer discussed potential collection alternatives, but petitioner did not submit any. The settlement officer advised Mr. Nguyen that petitioner's financial statements would be key to determining its ability to pay. Mr. Nguyen agreed to provide the settlement officer with a Form 433-B, profit and loss statements, accounts receivable journals, loan verification, and bank statements by February 2, 2011. Petitioner failed to provide the promised documents.

On March 10, 2011, the settlement officer issued the notice of determination for tax years 2003, 2005, 2006, 2007, and 2008. In the notice of determination the

[*5] settlement officer verified that all requirements of applicable law and administrative procedure had been met.  The settlement officer also determined that the collection action was an appropriate action that balanced the need for the efficient collection of unpaid taxes with the legitimate concern that such actions be no more intrusive than necessary.  The notice of determination sustained the proposed levy collection action for tax years 2003, 2005, 2006, 2007, and 2008. The attachment to the notice of determination addressed the notices of Federal tax lien and stated that "there is nothing in the Collection administrative file that indicates withdrawal of the filed lien should be considered."

On April 13, 2011, petitioner filed a petition with this Court.  Petitioner contends that (1) respondent erroneously calculated the interest and penalties for the years in issue; (2) respondent never explained respondent's method for applying payments to a particular year; and (3) petitioner intends to report a loss for tax year 2010 that it would carry back to tax year 2008.

Starting in June 2007 petitioner had made a series of payments to respondent. Respondent applied the payments for tax year 2003.  By October 2011, after the petition was filed, petitioner had fully paid its outstanding tax liability for tax year 2003.  Tax year 2003 is no longer in issue.

**[\*6]**                                    OPINION

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after a notice and demand.  Before the Secretary may levy upon the taxpayer's property, the Secretary must notify the taxpayer of the Secretary's intention to make the levy.  Sec. 6331(d)(1).  The Secretary must also notify the taxpayer of his or her right to a CDP hearing.  Sec. 6330(a)(1).

The Federal Government obtains a Federal tax lien against the property and rights to property, whether real or personal, of a taxpayer with an outstanding tax liability whenever a demand for payment has been made and the taxpayer neglects or refuses to pay.  Sec. 6321; Iannone v. Commissioner, 122 T.C. 287, 293 (2004).  Section 6320(a)(1) requires the Secretary to provide written notice to a taxpayer when the Secretary has filed a notice of Federal tax lien against the taxpayer's property and property rights.  See also sec. 6321.  The Secretary must also notify the taxpayer of his or her right to a CDP hearing.  Sec. 6320(a)(3).

A taxpayer who fails to make a timely request for a CDP hearing is not entitled to a CDP hearing.  Sec. 301.6320-1(b)(1), Proced. & Admin. Regs.  Such a taxpayer may nevertheless request an equivalent hearing.  Id.  Petitioner did not timely request a CDP hearing for the notices of Federal tax lien.  See sec.

[*7] 301.6320-1(b)(2), Q&A-B1, Proced. & Admin. Regs. ("[I]f the taxpayer does not timely request a CDP hearing with respect to the first filing of a NFTL * * * the taxpayer forgoes the right to a CDP hearing with Appeals and judicial review of the Appeals determination with respect to the NFTL."). The notice of determination constitutes a notice of determination only with respect to the proposed levy and does not confer jurisdiction on the Court for the notices of Federal tax lien. See Orum v. Commissioner, 123 T.C. 1, 10-12 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005). Therefore, we discuss only the proposed levy.

If the taxpayer requests a CDP hearing, the hearing is conducted by the Appeals Office. Sec. 6330(b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy. Sec. 6330(c)(2)(A). Issues the taxpayer may raise include any collection alternatives or spousal defenses. Id.

A taxpayer may not challenge an underlying tax liability during a CDP hearing unless the taxpayer did not receive a statutory notice of deficiency for the liability or did not otherwise have the opportunity to dispute the liability. Sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1, 9 (2004). Moreover, the Court considers an underlying tax liability on review only if the taxpayer properly raised the issue during the CDP hearing. Sec. 301.6330-1(f),

[*8] Q&A-F3, Proced. & Admin. Regs.; see also Giamelli v. Commissioner, 129 T.C. 107, 115 (2007) (holding that the Court does not have jurisdiction to consider section 6330(c)(2) issues that were not raised before the Appeals Office). A taxpayer did not "properly raise" an underlying tax liability if the taxpayer failed to present the settlement officer with any evidence regarding the liability after being given a reasonable amount of time. Sec. 301.6330-1(f), Q&A-F3, Proced. & Admin. Regs.

Once the settlement officer makes a determination, the taxpayer may appeal the determination to this Court. Sec. 6330(d)(1). The Court has jurisdiction to review the Commissioner's administrative determinations. Id. Where the validity of the underlying tax liability is properly at issue, we review the determination de novo. Sego v. Commissioner, 114 T.C. 604, 609-610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioner disputes its underlying tax liabilities, contending that respondent erroneously calculated the interest and penalties for the years in issue. Petitioner bears the burden of proving that its underlying tax liabilities are properly at issue. See Rule 142(a)(1).

Although petitioner did not receive a notice of deficiency for its liabilities, it failed to provide any documentation during its CDP hearing to show that its

**[*9]** self-reported liabilities were incorrect. Petitioner did not file amended returns or provide the requested information to the settlement officer. Therefore, petitioner did not meaningfully challenge the underlying tax liabilities during its CDP hearing. Consequently, petitioner's underlying tax liabilities are not properly before the Court.

Petitioner contends that it intends to report a loss for tax year 2010 that it would carry back to 2008. Petitioner did not raise this contention during its CDP hearing. As discussed, the Court considers only section 6330(c)(2) issues that a taxpayer properly raised during the taxpayer's CDP hearing. Sec. 301.6330-1(f), Q&A-F3, Proced. & Admin. Regs. Therefore, the Court will not consider this issue.

Petitioner also contends that respondent did not explain to petitioner how respondent applied petitioner's payments to its unpaid liabilities. When petitioner started making payments, petitioner was unaware that it could designate the payments to be applied to an outstanding liability for a particular year. Most of petitioner's payments were undesignated payments, and respondent applied them for the oldest year, tax year 2003. At trial Mr. Nguyen argued that the interest and penalties should be lowered because petitioner had been unaware in the beginning

**[*10]** that it could designate payments.  Petitioner does not contend that respondent failed to properly verify that applicable payment procedures were followed.

Petitioner did not raise the issue of the interest and penalties during its CDP hearing.  As discussed, the Court considers only section 6330(c)(2) issues that a taxpayer properly raised during the taxpayer's CDP hearing.  Id.  Therefore, the Court will not consider this issue.

Where the validity of the underlying tax liability is not properly at issue, we review the determination for abuse of discretion.  Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182.  The Court looks for a "clear abuse of discretion in the sense of clear taxpayer abuse and unfairness by the IRS."  Gillum v. Commissioner, 676 F.3d 633, 644 (8th Cir. 2012), aff'g T.C. Memo. 2010-280.

Section 6330(c)(3) requires the settlement officer to consider the following during a CDP hearing:  (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer, and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any

**[\*11]** collection action be no more intrusive than necessary.  See also Lunsford v.

Commissioner, 117 T.C. 183, 184 (2001).

We note that the settlement officer properly based his determination on the required factors.  The settlement officer (1) verified that all legal and procedural requirements had been met, (2) considered the issues petitioner raised, and (3) determined that the proposed collection action appropriately balanced the need for the efficient collection of taxes with the legitimate concern of petitioner that the collection action be no more intrusive than necessary.

Consequently, we hold that the determination to proceed with collection was not an abuse of the settlement officer's discretion.  We sustain respondent's notice of determination regarding the proposed levy collection action regarding petitioner's unpaid income tax liabilities for tax years 2005, 2006, 2007, and 2008.

To reflect the foregoing,

Decision will be entered for

respondent.