T.C. Memo. 2018-139

UNITED STATES TAX COURT

KATHERINE MARTE KOPSTAD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 651-17L.                    Filed August 29, 2018.

Katherine Marte Kopstad, pro se.

<u>Jeremy D. Cameron</u>, for respondent.

MEMORANDUM OPINION

GUY, <u>Special Trial Judge</u>:  This collection review case is before the Court

on respondent's motion for summary judgment, with a supporting declaration,

**[\*2]** filed pursuant to Rule 121.[1] Petitioner filed a response, followed by a first supplement to response, in opposition to respondent's motion. As discussed in detail below, the record shows that there is no genuine dispute as to any material fact in this case, and respondent is entitled to judgment as a matter of law sustaining a proposed levy action to collect petitioner's unpaid Federal income tax liability for the taxable year 2012.

Background[2]

## I. Petitioner's Tax Return for 2009

On October 17, 2011, petitioner submitted to the Internal Revenue Service (IRS) a Federal income tax return for the taxable year 2009 reporting income that she had received from her family's business, Seabreeze International, Inc. (SI). Petitioner had not previously filed a tax return for 2009 because she had not initially been aware of the SI income.

On November 28, 2011, the IRS assessed the tax that petitioner had reported on the return, interest, and additions to tax for failure to timely file the return

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue, as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[2]The record establishes or the parties do not dispute the following background facts.

**[*3]** under section 6651(a)(1) and failure to timely pay the tax due under section 6651(a)(2). Petitioner subsequently paid the tax and interest, and the IRS abated the additions to tax under the first-time abatement program.[3]

II. Petitioner's Tax Return for 2012

On October 4, 2013, petitioner filed a delinquent Federal income tax return for the taxable year 2012. On November 11, 2013, the IRS assessed tax of $13,174 reported on the return, interest of $273, and additions to tax of $2,964 for failure to timely file the return under section 6651(a)(1) and $461 for failure to timely pay the tax due under section 6651(a)(2) (additions to tax). Petitioner remitted $4,000 with her return and made three additional payments totaling $9,445 in December 2013 and January 2014 in satisfaction of the tax and interest she owed for 2012. She did not, however, pay the additions to tax.

It appears that on or about November 11, 2013, petitioner sent a letter to the IRS requesting abatement of the additions to tax. She stated in the letter that for taxable years prior to 2012, her accountant or her bookkeeper had requested filing extensions on her behalf but, for reasons unknown, neither had done so for 2012.

---

[3]See Internal Revenue Manual pt. 20.1.1.3.6.1. (Nov. 25, 2011) (describing the first-time abatement program).

[*4] Petitioner speculated that no request for a filing extension had been submitted on her behalf because of a miscommunication.

In mid-January 2014 the IRS purportedly sent a letter to petitioner denying her request for abatement of the additions to tax (denial letter) and informing her of the opportunity to appeal the matter to the IRS Office of Appeals (Appeals Office) within 60 days. Petitioner never received the denial letter and did not file an appeal with the Appeals Office.

On November 11, 2013, and again on February 17, 2014, respondent mailed to petitioner notices and demands for payment of the balance due for 2012. Petitioner did not remit payment.

On March 3, 2016, respondent mailed to petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing regarding the unpaid additions to tax for 2012. Petitioner filed with the Appeals Office a timely request for an administrative hearing under section 6330.

Petitioner's case was assigned within the Appeals Office to Settlement Officer Shirley Rivers (SO Rivers). On July 20, 2016, SO Rivers conducted an administrative hearing by telephone conference call with petitioner and her father, Todd Kopstad. SO Rivers indicated that she would recommend abatement of the additions to tax.

[*5]   On September 19, 2016, petitioner's case was reassigned to Settlement Officer Jacqualine Dunn (SO Dunn).  In reviewing petitioner's file, SO Dunn could not discern SO Rivers' reason(s) for recommending abatement of the additions to tax.  On November 2, 2016, SO Dunn conducted a second telephone conference call with petitioner and her father.  Petitioner asserted that the additions to tax should be abated because she had never received the January 2014 denial letter and, moreover, her accountant had mistakenly failed to request a filing extension.  Petitioner did not request any collection alternative in the event that her request for abatement was denied.

On December 12, 2016, the Appeals Office sent to petitioner a notice of determination denying her request for abatement of the additions to tax and sustaining the proposed levy action.  On January 9, 2017, petitioner filed with the Court a timely petition for review of the determination.  At the time the petition was filed, she resided in Florida.

After filing an answer to the petition, respondent filed a motion to remand the case to the Appeals Office to investigate whether there were any records or documents, beyond an account transcript, to show that the IRS had issued the denial letter to petitioner in January 2014.  In the absence of such documentation, respondent indicated that the Appeals Office would consider any information that

**[\*6]** petitioner might present in support of her request for abatement of the additions to tax.  The Court granted respondent's motion and remanded petitioner's case to the Appeals Office for a supplemental administrative hearing.

On remand, Settlement Officer Marilyn Daniels (SO Daniels) determined that there were no additional documents to show that the IRS had issued the denial letter to petitioner.  SO Daniels held a telephone conference call with petitioner and her father and informed petitioner that she should provide information to permit the Appeals Office to evaluate her request for abatement of the additions to tax for 2012.  Petitioner reiterated that the additions to tax should be abated on the grounds that she had never received the January 2014 denial letter and her accountant had mistakenly failed to request a filing extension.  Petitioner's father indicated that he would need more time to provide additional information in support of petitioner's abatement request.  Although SO Daniels offered a 14-day extension to allow petitioner to compile and submit additional information, she ultimately declined the extension and indicated that she would discuss the matter with respondent's counsel.  On January 30, 2018, the Appeals Office sent to petitioner a supplemental notice of determination denying her request for abatement of the additions to tax and sustaining the proposed levy action.

**[*7]**                                Discussion

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Either party may move for summary judgment upon all or any part of the legal issues in controversy. Rule 121(a). The Court may grant summary judgment only if there are no genuine disputes or issues of material fact. Rule 121(b); Naftel v. Commissioner, 85 T.C. 527, 528-529 (1985).

Respondent, as the moving party, bears the burden of proving that no genuine dispute or issue exists as to any material fact and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000); Bond v. Commissioner, 100 T.C. 32, 36 (1993). In deciding whether to grant summary judgment, the factual materials and the inferences drawn from them must be considered in the light most favorable to the nonmoving party. FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. at 559; Bond v. Commissioner, 100 T.C. at 36. When a motion for summary judgment is made and properly supported, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but * * * must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (quoting Fed. R. Civ. P. 56(e)); see Rule 121(d).

**[*8]** I. Collection Review Proceedings

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after a notice and demand for payment is made. Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to unpaid tax only if the Secretary has given written notice to the taxpayer 30 days before the levy. Section 6330(a) requires that the written notice include the amount of the unpaid tax and the taxpayer's right to an administrative hearing.

If an administrative hearing is requested, the hearing is to be conducted by the Appeals Office. Sec. 6330(b)(1). In rendering an administrative determination in a collection review proceeding, the Appeals Office must verify that the requirements of any applicable law and administrative procedure have been met in processing the taxpayer's case. Sec. 6330(c)(1), (3)(A). The Appeals Office also must consider any issues raised by the taxpayer relating to the collection action, including offers of collection alternatives, appropriate spousal defenses, and challenges to the appropriateness of the collection action. Sec. 6330(c)(2)(A), (3)(B). A taxpayer may challenge the existence or amount of her underlying tax liability but only if the taxpayer did not receive a notice of deficiency or did not otherwise have an earlier opportunity to dispute the tax liability. Sec.

[*9] 6330(c)(2)(B).  Finally, the Appeals Office must consider whether the collection action balances the need for efficient collection against the taxpayer's concern that collection be no more intrusive than necessary.  Sec. 6330(c)(3)(C).

This Court has jurisdiction to review administrative determinations in collection review cases.  Sec. 6330(d); see Iannone v. Commissioner, 122 T.C. 287, 290 (2004).  Where the underlying tax liability is properly at issue, we review that matter de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  Otherwise, we review the Appeals Office administrative determination for abuse of discretion.  Goza v. Commissioner, 114 T.C. at 181-182.  An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law."  Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

## II.  Petitioner's Underlying Tax Liabilities

Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to file a required return on or before the specified filing date, including extensions.  Section 6651(a)(2) imposes an addition to tax of 0.5% per month up to 25% for failure to pay the amount shown as tax on the return.  A taxpayer may be relieved of the addition to tax, however, if she can demonstrate that the failure is due to reasonable cause and not due to willful neglect.  Sec. 6651(a)(1) and (2).  Willful

**[*10]** neglect means intentional failure or reckless indifference. <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985). Section 301.6651-1(c)(1), Proced. & Admin. Regs., provides that, if a taxpayer exercises ordinary business care and prudence and is nevertheless unable to file on time, then the delay is due to reasonable cause.

Petitioner's tax return for the taxable year 2012 was due to be filed on or before April 15, 2013. <u>See</u> sec. 6072(a). Petitioner does not dispute that her tax return was not timely filed or that no request for a filing extension was submitted to the IRS on her behalf.

Petitioner maintains that she counted on her bookkeeper or her accountant to request a filing extension on her behalf for the taxable year. Unfortunately no request for a filing extension was ever submitted to the IRS. It is well settled that a taxpayer's reliance on an accountant or a tax preparer to file a timely tax return does not constitute reasonable cause within the meaning of section 6651(a)(1). <u>United States v. Boyle</u>, 469 U.S. at 252. Accordingly, petitioner has not shown that her failure to file a timely return was due to reasonable cause, and we hold

**[*11]** that she is liable for the additions to tax assessed pursuant to section

6651(a)(1) and (2).[4]

III. Procedural Requirements

Petitioner asserts that respondent failed to follow proper procedure in that

(1) respondent failed to abate the additions to tax under the first-time abatement

program, (2) petitioner did not receive the January 2014 denial letter, and

(3) respondent deliberately deleted SO Rivers' case activity notes.  We disagree.

A.  First-Time Abatement

The Internal Revenue Manual (IRM) pt. 20.1.1.3.3.2 (Aug. 5, 2014)

describes an IRS program under which a taxpayer may request administrative

relief from additions to tax (e.g., under section 6651(a)(1) and (2)) that would

otherwise be assessed.  See, e.g., Laidlaw v. Commissioner, T.C. Memo 2017-167,

at *17-*18.  If first-time abatement relief is granted using the "Reasonable Cause

Assistant", a taxpayer's account transcript will show reason code "065" and

penalty reason code "020".  IRM pt. 20.1.1.3.6.2(1)a (Feb. 22, 2008); IRM Exhibit

20.1.1-2 (Nov. 25, 2011).  The Reasonable Cause Assistant is a computer program

---

[4]Petitioner failed to clearly articulate a reasonable cause defense to the addition to tax that the IRS assessed under sec. 6651(a)(2) for failure to timely pay the tax owed for the taxable year 2012.

**[*12]** used by the IRS to determine whether a taxpayer satisfies eligibility criteria for the first-time abatement program.  IRM pt. 20.1.1.3.6.1(4) (Nov. 25, 2011).

The record includes a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, which shows that for the taxable year 2009 respondent had entered assessments against petitioner for additions to tax under section 6651(a)(1) and (2).  In addition, respondent produced a TXMODA transcript of account for the taxable year 2009 which shows that the additions to tax under section 6651(a)(1) and (2) were abated using the code "ADJ-RSN-CD>065 – 020"--indicating that petitioner qualified for relief under the first-time abatement program.

Although petitioner does not seem to dispute that the IRS granted her first-time abatement relief for the taxable year 2009, she apparently believes that no additions to tax should have been assessed for the taxable year 2009 in the first place.  The Court's jurisdiction in this case, however, is limited to a review of respondent's proposed levy action for the taxable year 2012.  We look to petitioner's account for the taxable year 2009 only to consider whether she was granted first-time abatement relief within three years of her request for abatement for the taxable year 2012.

**[\*13]** The record shows that petitioner was granted first-time abatement relief for the taxable year 2009, i.e., within three years of taxable year 2012. Consistent with IRM pt. 20.1.1.3.6.1(5) (Nov. 25, 2011), because the IRS had granted petitioner first-time abatement relief in respect of additions to tax assessed for the 2009 tax year, she was not eligible for first-time abatement relief for the taxable year 2012. In sum, we cannot say on this record that the Appeals Office abused its discretion in denying petitioner's request for first-time abatement relief for the taxable year 2012.

### B. Denial Letter

Respondent was unable to produce the denial letter that the IRS had purportedly sent to petitioner in January 2014. Given that petitioner had not had a prior opportunity to challenge her liability for the additions to tax in question within the meaning of section 6330(c)(2)(B), she was entitled to do so before the Appeals Office.

Petitioner asserts that respondent's failure to send the denial letter to her somehow bars collection of the additions to tax in dispute. We disagree. The Court remanded petitioner's case to the Appeals Office to provide her the opportunity to present documentation and information in support of her request for abatement of the additions to tax in dispute. It appears that petitioner or her father

[*14] misunderstood the purpose and scope of the supplemental hearing on remand, because she failed to submit information at that time that would have permitted the Appeals Office to evaluate her claim. Contrary to petitioner's position, the Appeals Office followed the requirements of any applicable law and administrative procedure in this case.

### C. SO Rivers' Case Activity Notes

Petitioner suggests that respondent deliberately deleted SO Rivers' case activity notes of conversations with her that would have explained SO Rivers' reasons for recommending abatement of the additions to tax. Although respondent does not dispute that SO Rivers recommended abatement, the fact remains that petitioner's case was reassigned to SO Daniels before a final determination was rendered in respect of her claim for abatement. In the end the Appeals Office agreed, after remand, with SO Daniels' recommendation to deny petitioner's request for abatement. Under the circumstances, there simply is no indication that the Appeals Office abused its discretion in this case.

## IV. Conclusion

The record shows that the Appeals Office verified that the requirements of all applicable laws and administrative procedures were met in this case. At no stage of these proceedings has petitioner offered a collection alternative to the

**[*15]** proposed levy action. The Court is satisfied that the proposed levy action balances the need for efficient collection of taxes with the legitimate concern of petitioner that any collection be no more intrusive than necessary. In sum, we conclude the Appeals Office did not abuse its discretion, and respondent is entitled to judgment as a matter of law sustaining the supplemental notice of determination issued January 30, 2018.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.